Jackson v. Jackson

---

LYNN D. JACKSON v. MARVIN E. JACKSON

No. 8327DC754

(Filed 15 May 1984)

**Divorce and Alimony § 23.3— child custody and support—jurisdiction of motion in the cause**

Where plaintiff's complaint sought child custody and support and alimony without divorce, and the issues of child custody and support were ruled on by the trial court, the trial court retained jurisdiction to entertain and rule on defendant's motion in the cause for child custody and support and sequestration of the marital home for the use and benefit of the children.

APPEAL by plaintiff from *Bowen, Judge.* Order entered 16 February 1983 in District Court, CLEVELAND County. Heard in the Court of Appeals 1 May 1984.

Jackson v. Jackson

Plaintiff, wife, appealed from the denial of her motion, made pursuant to N.C. Gen. Stat. Sec. 1A-1, Rule 60(b)(4), North Carolina Rules of Civil Procedure, to set aside an order awarding custody of and support for the minor children born of the marriage union between plaintiff and defendant. The record discloses the following:

On 21 January 1981 plaintiff filed an action in District Court, seeking child custody and support, alimony, sequestration of the marital home for the use and benefit of the children, and legal fees. On 31 March 1981 defendant, husband, filed an answer and counterclaim, asking for custody of and support for the minor children, a divorce from bed and board, possession and use of the marital home, alimony, and legal fees. On 11 January 1982, after a trial without a jury, the court entered an order pursuant to N.C. Gen. Stat. Sec. 1A-1, Rule 41(b), North Carolina Rules of Civil Procedure, dismissing plaintiff's claims. In that order the court made detailed findings of fact and conclusions of law, including the following:

6. That all the evidence in the case shows that the plaintiff is a fit and proper person, but that the best interest of the children would be served by their being and remaining in the custody of the defendant.

. . .

1. That the plaintiff has not shown any evidence to support her prayer for relief for the custody of the minor children.

2. That the defendant and the minor children have lived in the home located at Rt. 5, Shelby, North Carolina, and the plaintiff has failed to show any reason why the home should be sequestered for the sole occupancy of the plaintiff the minor children [sic]; but, to the contrary, the evidence is that the status quo which is now existing should continue in the best interest of the minor children.

. . .

4. That the children are now in the custody, control and supervision of the defendant, and therefore he is providing for their support.

Also in the order dated 11 January 1982 the court dismissed defendant's counterclaim without prejudice "based on the statement of attorney for the plaintiff that he had not been served with a copy of the answer." On or about 19 March 1982 defendant filed a motion in the cause for custody of and support for the children and sequestration of the marital home for the use and benefit of the children. On 30 April 1982 District Court Judge Hamrick entered an order in which he made findings of fact and conclusions of law and which awarded defendant custody of and support for the minor children and sequestered the marital home. On 25 January 1983 plaintiff filed a motion pursuant to N.C. Gen. Stat. Sec. 1A-1, Rule 60(b)(4), North Carolina Rules of Civil Procedure, to set aside the judgment dated 30 April 1982 as being void. Plaintiff appealed from an order denying her Rule 60(b)(4) motion.

*O. Max Gardner, III, for plaintiff, appellant.*

*No counsel contra.*

HEDRICK, Judge.

The one question presented by this appeal is whether the District Court had jurisdiction to entertain defendant's motion in the cause and enter the order dated 30 April 1982. Plaintiff contends that "the District Court was without jurisdiction to entertain a motion in the cause since no cause existed after the entry of the order of dismissal."

N.C. Gen. Stat. Sec. 50-13.5(b)(5) provides that an action for custody or support of minor children may be brought "[b]y motion in the cause in . . . an action for alimony without divorce." In the instant case, the record reveals that plaintiff sought alimony without divorce in the action filed 21 January 1981 as well as child support and custody. The court's dismissal of plaintiff's claim for alimony operated as a final adjudication on the merits. Rule 41(b), North Carolina Rules of Civil Procedure. The court's ruling on plaintiff's claims for custody and support cannot be said to be a final adjudication, however, since "the issue of custody and support remains *in fieri* until the children have become emancipated." *In re Holt,* 1 N.C. App. 108, 112, 160 S.E. 2d 90, 93 (1968). Where custody and support are brought to issue by the pleadings, the court retains continuing jurisdiction over these

matters even when the issues are not determined by the judgment. *Kennedy v. Surratt*, 29 N.C. App. 404, 224 S.E. 2d 215 (1976). Here, where the issues of custody and support were raised in plaintiff's complaint and ruled on by the trial judge, we think it clear that the court retained jurisdiction to entertain and rule on defendant's motion in the cause. Consequently, we uphold the court's action in denying plaintiff's Rule 60(b)(4) motion to set aside the order dated 30 April 1982.

Affirmed.

Judges ARNOLD and PHILLIPS concur.