RUBY SMITH BUMGARDNER v. WADE J. BUMGARDNER

No. 9225DC427
No. 9225DC712
No. 9225DC1228

(Filed 18 January 1994)

1. **Appearance § 6 (NCI4th) — general appearance — waiver of lack of service of process**

   When defendant and his counsel appeared in court and proceeded with the action for absolute divorce without contesting the court's jurisdiction for lack of service of process, defendant submitted himself to the jurisdiction of the court and thus effectively waived any defect in service of process.

   **Am Jur 2d, Appearance § 7.**

2. **Divorce and Separation § 181 (NCI4th) — failure to make entry of divorce judgment — subsequent motion to dismiss complaint granted — granting of motion overruled by another district court judge**

   The trial court committed reversible error in setting aside another judge's order dismissing the complaint for absolute divorce since the trial court's original pronouncement of the divorce judgment on 6 December 1989 was not entered within the explicit meaning of N.C.G.S. § 1A-1, Rule 58; finality and fair notice require entry of judgment after the requisite findings of fact have been adopted; entry of judgment therefore did not occur until 29 January 1992, the day plaintiff's counsel submitted the judgment to the court and the day the court signed the judgment; the other judge dismissed plaintiff's complaint on 11 October 1990 based on lack of service of process; plaintiff chose not to appeal or file a Rule 60 motion for relief;

BUMGARDNER v. BUMGARDNER

[113 N.C. App. 314 (1994)]

at the time of the trial court's order of 29 January 1992 there did not exist any pleading on which to base a judgment; the trial court's judgment of 29 January 1992 was therefore null and void; and the other judge's order of dismissal entered on 11 October 1990 should be given its full force and effect.

**Am Jur 2d, Courts §§ 87 et seq.; Divorce and Separation §§ 950 et seq.**

3. **Pleadings § 63 (NCI4th)— pleading not warranted by existing law — pleading not well grounded in fact — Rule 11 sanctions properly imposed on defendant**

The trial court did not err in imposing Rule 11 sanctions on defendant where defendant, at the time of the filing of a motion to dismiss based on lack of service, knew that the pleading was not facially plausible because he had knowledge that he had made a general appearance in court where he had acknowledged, through counsel, that he had received a copy of the summons and complaint, thereby waiving any defect in service of process, and defendant therefore knew that the pleading was not warranted by existing law; furthermore, defendant knew that the pleading was not well grounded in fact where he acquired new legal representation and failed to disclose all of the relevant facts of the first divorce proceeding to his new counsel.

**Am Jur 2d, Pleading § 339.**

Appeal by defendant from judgment entered 29 January 1992 by Judge Timothy S. Kincaid in Catawba County District Court, order entered 15 April 1992 and signed 4 May 1992 by Judge Jonathan L. Jones in Catawba County District Court, and order entered 10 August 1992 by Judge L. Oliver Noble, Jr. in Catawba County District Court. Heard in the Court of Appeals 27 May 1993.

*Steve B. Potter, P. A., by Steve B. Potter, for plaintiff-appellee.*

*Rudisill & Brackett, P. A., by H. Kent Crowe and J. Richardson Rudisill, Jr., for defendant-appellant.*

JOHNSON, Judge.

Defendant Wade J. Bumgardner in these consolidated cases, *see* N.C.R. App. P. 40 (Court on its own initiative may consolidate

cases which involve common questions of law), appeals from a judgment in no. 9225DC427 granting absolute divorce; an order in no. 9225DC712 denying relief pursuant to N.C.R. Civ. P. 60(b) and imposing sanctions pursuant to N.C.R. Civ. P. 11; and an order in no. 9225DC1228 setting out an award of sanctions pursuant to N.C.R. Civ. P. 11. We will dispose of these cases in one opinion.

The pertinent facts are as follows: On 25 August 1988, plaintiff Ruby Smith Bumgardner filed a complaint against defendant seeking absolute divorce and equitable distribution of marital property. A summons was issued by the clerk of court in Catawba County on 25 August 1988. The summons was returned to the clerk's office marked "not served." An alias and pluries summons was subsequently issued by the court.

At the time the matter was filed, defendant was represented by Mr. John W. Crone, III. Defendant did not file an answer or response to plaintiff's complaint. On 6 October 1988, an amendment to the complaint was filed by plaintiff.

On 6 December 1989, the parties appeared before Judge Timothy S. Kincaid at the regularly scheduled session of domestic court for hearing in this matter. At that time, the parties had just finished a proceeding on other matters related to their marriage. At the time the divorce in this file was called for hearing, defendant was personally present in the courtroom with attorney Crone. When the matter was called on for hearing, the court inquired whether there were any objections to the court proceeding with the hearing of an absolute divorce between these parties and through counsel. Defendant did not raise any objections. Defendant, through counsel, agreed that he had been served with said complaint. After hearing evidence on the matter, the court rendered a judgment in open court and the clerk made a notation of said divorce in the clerk's minutes.

In January 1990, the law firm of Rudisill & Brackett, P.A. assumed representation of defendant in this matter. Upon examination of the court file of the case, attorney Rudisill of the Rudisill & Brackett, P.A. law firm filed, *inter alia*, a motion to dismiss, based on lack of subject matter or personal jurisdiction, pursuant to N.C.R. Civ. P. 12(b)(1), (2) on 19 January 1990. Although Judge Kincaid's judgment of 6 December 1989 was noted in the clerk's minutes, no document reciting Judge Kincaid's judgment had been placed into the court file at that time. The motions were served

BUMGARDNER v. BUMGARDNER

[113 N.C. App. 314 (1994)]

by mail on plaintiff's counsel on the same date. No responsive pleadings were filed by plaintiff.

During the 24 September 1990 term, the matter came on for hearing before Judge Ronald E. Bogle in Catawba County District Court *ex parte*. After examining the contents of the file, which at that time consisted of a complaint, a summons marked "not served," an amended complaint, and motions to dismiss, the court, on 11 October 1990, entered an order dismissing plaintiff's action because plaintiff's summons and complaint had not been sufficiently served within the time and in the manner prescribed by law, and further ordered that plaintiff bear the costs. This order was served upon counsel for plaintiff on 12 October 1990. No appeal was taken from this order. At the time the order was entered by Judge Bogle, the written divorce judgment reciting the decree entered by Judge Kincaid on 6 December 1989 had not yet been filed.

Once plaintiff's counsel learned that the divorce judgment entered by Judge Kincaid had not been filed, he examined the court record and his notes and prepared a divorce judgment per the instructions of Judge Kincaid. On 29 January 1992, counsel for plaintiff, *ex parte*, submitted a detailed judgment to Judge Kincaid for his signature. This purported judgment set aside Judge Bogle's order entered 11 October 1990. The judgment was not served upon defendant; however, defendant's counsel did receive a copy of this judgment on 24 February 1992 by way of supplemental response to a request for production of documents in a third lawsuit between the parties. Defendant filed timely notice of appeal as to Judge Kincaid's judgment and filed a motion pursuant to N.C.R. Civ. P. 60 to set aside the judgment of divorce in February 1992.

On 15 and 16 April 1992, Judge Jonathan L. Jones presided over the hearing concerning defendant's Rule 60 motion to set aside the judgment. Judge Jones denied defendant's Rule 60 motion and, pursuant to N.C.R. Civ. P. 11, imposed sanctions on defendant for filing a frivolous action. Judge Jones found, *inter alia*, that defendant had caused his attorney, Mr. Rudisill, to file a Rule 12(b)(1), (2) motion to dismiss in this case, after being personally present in open court with counsel when the divorce matter was heard, acknowledging that he had received a copy of the summons and complaint, stating he had no objection to the court hearing the case, and hearing the court render a judgment of absolute

BUMGARDNER v. BUMGARDNER

[113 N.C. App. 314 (1994)]

divorce. The written order reciting these findings was filed on 4 May 1992. The court left the amount of sanctions open for determination at a later date along with the question as to whether counsel for defendant also violated N.C.R. Civ. P. 11. Defendant filed timely notice of appeal as to Judge Jones' order.

The amount of sanctions was determined on 10 August 1992 by Judge L. Oliver Noble, Jr., who held that defendant should be ordered to pay plaintiff's attorney's fees in the amount of $750.00. Defendant filed timely notice of appeal as to Judge Noble's order.

Case No. 9225DC427

[1] By defendant's first, second and third assignments of error, defendant contends the trial court erred by granting plaintiff an absolute divorce when the court lacked personal jurisdiction, when there was insufficiency of process. We find the court did have personal jurisdiction over defendant as defendant made a general appearance in court giving the court jurisdiction over his person.

In *Alexiou v. O.R.I.P., Ltd.*, 36 N.C. App. 246, 247, 243 S.E.2d 412, 413 (1978) the Court stated:

G.S. 1-75.7 provides that "[a] court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person: (1) Who makes a general appearance in an action. . . ." G.S. 7A-193 provides that "the civil procedure provided in chapters 1 and 1A of the General Statutes applies in the district court division of the General Court of Justice." Thus, if defendant made a "general appearance", the court has jurisdiction over his person even if service of process was defective. (Citation omitted.)

"[A] general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person." *In Re Blalock*, 233 N.C. 493, 504, 64 S.E.2d 848, 856 (1951). "A general appearance waives any defects in the jurisdiction of the court for want of valid summons or of proper service thereof." *Youngblood v. Bright*, 243 N.C. 599, 602, 91 S.E.2d 559, 561 (1956) (citation omitted).

On 6 December 1989, the parties in this matter appeared before Judge Kincaid in Catawba County District Court. At the time the

divorce was called for hearing, the parties had just finished a proceeding in the same court before Judge Kincaid on other matters relating to the marriage. Defendant was personally present as was his attorney, Crone. When the matter was called for hearing, the court inquired personally of defendant and his counsel if there were any objections to the court proceeding with the hearing of an absolute divorce between the parties and through counsel. Defendant raised no objections. Judge Kincaid proceeded with the hearing on this basis.

We are of the opinion that when defendant and his counsel appeared in court and proceeded with the matter without contesting the court's jurisdiction for lack of service of process, defendant submitted himself to the jurisdiction of the court and thus, effectively waived any defect in service of process and service thereof. Accordingly, defendant's first, second and third assignments of error are overruled.

[2] By defendant's fourth assignment of error, defendant contends that Judge Kincaid committed reversible error in setting aside Judge Bogle's order. We agree.

The record in this case reveals that on 6 December 1990, Judge Kincaid rendered a judgment for absolute divorce in open court and the clerk noted the judgment in the minutes. Judge Kincaid also directed plaintiff's counsel to draft the judgment for his signature. Plaintiff's counsel, however, mistakenly believed it was defense counsel's obligation to draft the judgment. As such, the judgment was not drafted until 29 January 1992. Meanwhile, defendant had acquired new legal representation who examined the court files in the case and determined that the court lacked personal jurisdiction over defendant because defendant had not been properly served the summons and complaint. Nothing in the file indicated that the matter had been heard and that a judgment had been rendered by Judge Kincaid. As a result, defendant's counsel filed a motion to dismiss. The motion was heard by Judge Bogle *ex parte*. On 11 October 1990, Judge Bogle entered an order dismissing plaintiff's action on the ground that the summons and complaint had not been served within the time and in the manner prescribed by law. The order was served upon counsel for plaintiff 12 October 1990.

Once plaintiff's counsel received a copy of Judge Bogle's order and learned that the divorce judgment had not been filed, plaintiff's

BUMGARDNER v. BUMGARDNER

[113 N.C. App. 314 (1994)]

counsel prepared a divorce judgment for Judge Kincaid's signature. Judge Kincaid signed and filed the judgment on 29 January 1992. The judgment contained language indicating Judge Bogle's order was erroneous. Defendant contends Judge Kincaid's judgment granting the absolute divorce, and setting aside Judge Bogle's order, was error.

In order to determine whether the trial court erred, we must first determine the effect of the divorce judgment rendered by Judge Kincaid on 6 December 1989 and then whether Judge Kincaid properly set aside Judge Bogle's order. We note that entry of judgment is governed by N.C.R. Civ. P. 58, which states:

> Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his [/her] minutes of such verdict or decision and such notation shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.
>
> In other cases where judgment is rendered in open court, the clerk shall make a notation in his [/her] minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.
>
> In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.

North Carolina General Statutes § 1A-1, Rule 58 (1990).

In the instant case, the explicit language of Rule 58 does not establish the point of entry of judgment. Paragraphs one and two of Rule 58 apply to cases in which judgment is rendered in open court. Paragraph one is inapplicable because the judgment is not for a sum certain or denying all relief. Paragraph two is inapplicable

because the Caldwell County Clerk of Court made a notation in the minutes, but "the record fails to indicate that such entry was made upon the judge's direction." *Cobb v. Rocky Mount Board of Educ.*, 102 N.C. App. 681, 683, 403 S.E.2d 538, 540 (1991), *aff'd per curiam*, 331 N.C. 280, 415 S.E.2d 554 (1992). Paragraph three is inapplicable because the judgment was rendered in open court.

"In cases when entry of judgment cannot be determined from the express language of Rule 58, fair notice concerns indicate that 'entry' occurs only after draft orders or judgments are submitted to and adopted by the court." *Stachlowski v. Stach*, 328 N.C. 276, 283, 401 S.E.2d 638, 644 (1991).

Here, Judge Kincaid directed plaintiff's counsel to draft a judgment reflecting the court's decision. This judgment required findings of fact supporting the court's conclusion that an absolute divorce be granted. "The material facts in every complaint asking for divorce . . . shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a judge[.]" North Carolina General Statutes § 50-10 (1987). "[C]onsiderations of finality and fair notice to the parties militate against finding entry of judgment prior to adoption of the requisite findings." *Stachlowski*, 328 N.C. at 286, 401 S.E.2d at 642.

Therefore, because the pronouncement of the divorce judgment on 6 December 1989 was not entered within the explicit meaning of Rule 58 and because finality and fair notice require *entry* of judgment after the requisite findings of fact have been adopted, we find *entry* of judgment did not occur until 29 January 1992, the day plaintiff's counsel submitted the judgment to the court and the day the court signed the judgment. The rendition of judgment by Judge Kincaid on 6 December 1989 was of no effect absent an *entry* of judgment. Consequently, when Judge Bogle dismissed plaintiff's complaint on 11 October 1990, based on lack of service and service of process, and when plaintiff chose not to appeal or file a Rule 60 motion for relief, there did not exist on 29 January 1992 any pleading on which to base a judgment. Therefore, we find Judge Kincaid's judgment of 29 January 1992 was null and void, and Judge Bogle's order should be given its full force and effect.

## Case No. 9225DC712

By defendant's first assignment of error, defendant contends that the trial court erred in denying defendant's motion for relief from judgment pursuant to N.C.R. Civ. P. 60. Since we have determined Judge Bogle's order to be valid and Judge Kincaid's judgment of 29 January 1992 to be null and void, it therefore follows that Judge Jones' order of 15 April 1992 denying defendant's Rule 60 motion for relief from judgment should be vacated.

[3] By defendant's second assignment of error, defendant contends that the trial court erred when it imposed sanctions pursuant to N.C.R. Civ. P. 11 on defendant. We disagree.

We note that although we have determined that Judge Kincaid's judgment is null and void due to procedural errors, we are not precluded from reviewing and affirming Judge Jones' order imposing sanctions pursuant to Rule 11 if the facts support such an award.

Under Rule 11, the signer certifies that the pleading or paper is well grounded in fact and not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. North Carolina General Statutes § 1A-1, Rule 11(a) (1990). In addition, under Rule 11, the signer certifies that three distinct things are true: the pleading is (1) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law (legal sufficiency); (2) well grounded in fact; and (3) not interposed for any improper purpose. A breach of the certification as to any one of these three prongs is a violation of the Rule. *See Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992). At issue here are the "warranted by existing law" and "well grounded in fact" prongs.

In determining whether the "warranted by existing law" prong has been met, the court must first determine the facial plausibility of the paper. *Id.* It is the client's responsibility to make a reasonable inquiry to determine the legal sufficiency of the document. *Id.*

In the instant case, when the divorce matter was called on 6 December 1989, the parties were present in court with their respective counsel. The court inquired whether there were any objections to the court proceeding with the hearing of an absolute divorce between the parties and through counsel. Neither party raised any objections. Defendant, through counsel, acknowledged in open court that he had been served with a copy of said sum-

BUMGARDNER v. BUMGARDNER

[113 N.C. App. 314 (1994)]

mons and complaint. Based on the parties' consent, Judge Kincaid proceeded with the hearing on the absolute divorce between the parties. After hearing evidence, Judge Kincaid announced the rendering of an absolute divorce in open court. From the record, we can therefore conclude that when the motion to dismiss based on lack of service was filed, defendant knew that the pleading was not facially plausible because he had knowledge that he had made a general appearance in court where he had acknowledged, through counsel, that he had received a copy of the summons and complaint thereby waiving any defect in service of process. As such, we find that defendant violated the "warranted by existing law" prong.

In addition, the pleading was not "well grounded in fact." When defendant acquired new legal representation, he failed to disclose all of the relevant facts of the 6 December 1989 proceeding to his new legal counsel. Where a party misleads an attorney as to facts or the purpose of a motion, sanctions on the party are appropriate. *Bryson v. Sullivan*, 102 N.C. App. 1, 401 S.E.2d 645 (1991), *modified on other grounds*, 330 N.C. 644, 412 S.E.2d 327 (1992). The pleading was based on erroneous facts and therefore, defendant has violated the "well grounded in fact" prong of Rule 11. We find the trial court's imposition of sanctions were proper.

## Case No. 9225DC1228

We note that in case no. 9225DC1228 defendant again assigned as error the imposition of attorney's fees. As we have already addressed this assignment of error, we do not deem it necessary to address this assignment of error again.

\* \* \*

Case no. 9225DC427 is remanded to the trial court with directions to vacate the judgment of divorce entered on 29 January 1992; case no. 9225DC712 is remanded with direction to vacate the part of the order denying defendant's Rule 60 motion and to affirm the imposition of sanctions; and case no. 9225DC1228 is affirmed.

Affirmed in part, reversed in part and remanded.

Judges GREENE and WYNN concur.