SANTANA v. SANTANA

[171 N.C. App. 432 (2005)]

———————————

LAURA CURNUTT SANTANA, PLAINTIFF v. JOAQUIN RAMIREZ SANTANA, DEFENDANT

No. COA04-1158

(Filed 5 July 2005)

**Divorce— equitable distribution—timeliness of claim**

An equitable distribution claim filed between the pronouncement of divorce in open court and the filing of the signed order was timely and should not have been dismissed. The right to equitable distribution is lost if not asserted before the judgment of absolute divorce, but the divorce judgment in this case did not become final until entry.

Appeal by Plaintiff from judgment entered 29 April 2004 by Judge Thomas G. Foster, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 6 June 2005.

*Bell, Davis & Pitt, P.A., by Robin J. Stinson, for plaintiff-appellant.*

*Jaquin Ramirez Santana, pro se, no brief filed.*

WYNN, Judge.

"An absolute divorce obtained within this State shall destroy the right of a spouse to equitable distribution under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce[.]" N.C. Gen. Stat. § 50-11(e) (2003). In this case, Plaintiff contends that the trial court erred in holding that her claim for equitable distribution was

not timely submitted. Because Plaintiff asserted her right to equitable distribution one day before entry of the divorce judgment, we reverse the trial court's order granting Defendant's motion to dismiss.

Plaintiff, Laura Curnutt Santana, and Defendant, Joaquin Ramirez Santana, married in 1987 and separated in June 2001. In December 2002, Plaintiff filed a complaint for absolute divorce alleging, *inter alia*, that "[t]he issues of child support, alimony, and equitable distribution are to be reserved." Defendant answered in June 2003, joining in Plaintiff's request for an absolute divorce. Thereafter, Plaintiff moved for summary judgment on her request for absolute divorce, and further requested the "issues of child support, alimony, and equitable distribution are to be reserved."

The trial court conducted the divorce hearing on 11 August 2003 and filed an order dated 19 August 2003, granting Plaintiff's request for divorce and reserving the issues of child support, alimony, and equitable distribution "to extent (sic) that any aforementioned claims have been preserved, served, and filed as of entry of this judgment so as to otherwise survive and be reserved."

On 18 August 2003, Plaintiff filed a motion alleging that "[t]he parties own marital property located in Mexico, specifically but not limited to a house owned by the Plaintiff solely and retirement funds in the Defendant's name the plaintiff has a marital interest in said property." Plaintiff requested "the court preserve her rights to equitable distribution of marital property and debts." Attached to the motion was a certificate of service, signed by Plaintiff's attorney on 18 August 2003, indicating that she served the motion by United States mail "upon all other parties."

Following entry of the divorce judgment, Defendant moved to dismiss Plaintiff's claim to equitable distribution. From the trial court's grant of that motion, Plaintiff appeals.

On appeal, Plaintiff argues that the trial court erred in dismissing her claim for equitable distribution. We agree.

"Upon application of a party, the court shall determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the parties in accordance with the provisions of this section." N.C. Gen. Stat. § 50-20(a) (2003). "An absolute divorce obtained within this State shall destroy the right of a spouse to equitable dis-

tribution under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce[.]" N.C. Gen. Stat. § 50-11(e); *see Howell v. Howell*, 321 N.C. 87, 361 S.E.2d 585 (1987).

The trial court's order dismissing Plaintiff's claim of equitable distribution states in pertinent part:

FINDINGS OF FACT

\*\*\*

4. On August 11, 2003, the matter came on for hearing before the Honorable A. Robinson Hassell. The court granted the Plaintiff's request for divorce and reserved the other claims "to the extent they are presented, served and filed as of the entry of this judgment so as to otherwise survive and be reserved."

5. On August 18, 2003, Plaintiff filed a motion alleging *inter alia*, that "the parties own marital property located in Mexico, specifically but not limited to a house owned by the Plaintiff solely and retirement funds in the Defendant's name [sic] the plaintiff has a marital interest in said property," and requesting that the court "reserve [Plaintiff's] rights to equitable distribution of marital property and debts." No certificate of service was attached to the filed copy of the motion.

\*\*\*

CONCLUSIONS OF LAW

1. The Plaintiff's motions for alimony and equitable distribution were not timely filed, and are therefore barred as a matter of law.

The trial court's finding of fact number four states that the matter came before hearing on 11 August 2003. But Judge Hassell did not sign the order until 18 August 2003, and did not file the order until 19 August 2003. Thus, the absolute divorce judgment was not entered until 19 August 2003, one day after Plaintiff asserted her equitable distribution claim in her written motion for an order for equitable distribution. N.C. Gen. Stat. § 1A-1, Rule 7(b) (2004) ("An application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.").

"[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2003). "An announcement of judgment in open court consti-

tutes the rendition of judgment, not its entry." *Searles v. Searles*, 100 N.C. App. 723, 726, 398 S.E.2d 55, 56 (1990). In fact, without entry of a written judgment on the same date of pronouncement, the issue of divorce is still pending. Thus, pronouncement of an absolute divorce judgment is "of no effect absent an *entry* of judgment." *Bumgardner v. Bumgardner*, 113 N.C. App. 314, 321, 438 S.E.2d 471, 475 (1994). "[F]inality and fair notice require entry of judgment after the requisite findings of fact have been adopted . . . ." *Id.*

While the trial judge in the instant case orally pronounced and rendered an absolute divorce in open court on 11 August 2003, an order was neither signed nor filed on that date. The trial court signed the order on 18 August 2003, and the order was filed on 19 August 2003. Consequently, the absolute divorce did not become final until entry of judgment on 19 August 2003. Because the equitable distribution motion was asserted one day prior to the entry of absolute divorce judgment, Plaintiff's equitable distribution claim was viable and survived Defendant's motion to dismiss.

Since Plaintiff asserted her right to equitable distribution prior to the divorce judgment, her claim for equitable distribution was not barred as a matter of law, and the trial court erred in granting Defendant's motion to dismiss. N.C. Gen. Stat. § 50-11(e).

Reversed.

Chief Judge MARTIN and Judge TIMMONS-GOODSON concur.