IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-447

Nos. COA20-358, 20-377

Filed 7 September 2021

Yancey County, Nos. 18 CVD 201 and 19 CVD 224

CODY LYNN BRADFORD, Plaintiff,

v.

JENNIFER BRADFORD, Defendant.

Appeals by defendant from order entered 24 February 2020 by Judge Hal Harrison in District Court, Yancey County. Heard in the Court of Appeals 26 January 2021.

> *Law Offices of Jamie A. Stokes, PLLC, by Jamie A. Stokes, for plaintiff-appellee.*
>
> *Donald H. Barton, for defendant-appellant.*

STROUD, Chief Judge.

¶ 1 Jennifer Bradford ("Wife") appeals from an order dismissing her two separate motions in the cause for equitable distribution in two separate cases. Wife appealed the dismissal of each equitable distribution claim asserted in the two cases separately. The trial court entered one order addressing both motions to dismiss in the two separate actions, and we have consolidated these appeals pursuant to North Carolina Appellate Rule 40. *See* N.C. R. App. P. 40.

¶ 2 In File No. 18 CVD 201, we hold the trial court properly dismissed Wife's equitable distribution claim because when Wife filed the motion in the cause, all pending claims had been fully resolved or dismissed by the parties and the effect of her prior voluntary dismissal of her equitable distribution claim without prejudice under Rule 41(a)(1) was "to terminate the action." In File No. 19 CVD 224, we hold the trial court erred in dismissing Wife's equitable distribution claim because Wife asserted her equitable distribution claim by a motion in the cause filed *before* entry of the absolute divorce judgment. As a result, we affirm in part and reverse and remand in part the trial court's order.

## I.   Background

¶ 3 Husband and Wife married 1 April 2011, had one child in 2015, and separated 26 September 2018. On 27 September 2018, Husband filed a complaint in File No. 18 CVD 201 for *ex parte* temporary and permanent custody, and the trial court awarded him immediate sole legal and physical custody of the child. On 22 October 2018, Wife filed an answer and counterclaims for divorce from bed and board, child custody, child support, equitable distribution, post separation support, alimony, and attorney's fees. Subsequently, Husband and Wife each filed equitable distribution inventory affidavits. On 25 April 2019, the trial court entered a permanent child custody order.

¶ 4 A hearing on Wife's equitable distribution counterclaim was calendared for 17

December 2019. Wife took a voluntary dismissal with prejudice of all of her counterclaims — except her claim for equitable distribution — on 1 October 2019.

¶ 5 On 11 October 2019, Husband filed a complaint for absolute divorce in File No. 19 CVD 224. In the complaint, Husband asked "that the equitable distribution claim in Yancey County File No. 18CVD201 be severed and preserved." A hearing on the absolute divorce claim in File No. 19 CVD 224 was calendared for 27 January 2020.

¶ 6 The trial court entered a final pre-trial order on equitable distribution in File No. 18 CVD 201 on 18 November 2019. On 17 December 2019, after mediation reached an impasse, Wife took a voluntary dismissal without prejudice of her counterclaim for equitable distribution in File No. 18 CVD 201. On 27 January 2020, Wife filed motions in the cause asserting claims for equitable distribution in both File Nos. 18 CVD 201 and 19 CVD 224; both motions were filed at 8:21 A.M. Later the same day, after a testimonial hearing upon the absolute divorce claim, the trial court entered an absolute divorce judgment in File No. 19 CVD 224. The signed divorce judgment was filed at 10:07 A.M.

¶ 7 On 5 February 2020, Husband filed motions to dismiss Wife's motions in the cause in File Nos. 18 CVD 201 and 19 CVD 224. Husband's motions to dismiss were based upon North Carolina General Statute § 50-20 and North Carolina General Statute § 1A-1, Rule 12(b)(1), raising the issue of subject matter jurisdiction. In his motion to dismiss Wife's motion in the cause in File No. 18 CVD 201, Husband argued

that File No. 18 CVD 201 was closed when Wife dismissed her equitable distribution counterclaim without prejudice and, accordingly, there were no pending causes of action as of 27 January 2020 in that case. In his motion to dismiss Wife's motion in the cause in File No. 19 CVD 224, Husband alleged that Wife did not file an answer or request an extension of time after being served with the complaint for absolute divorce; Wife did not seek leave of court to answer the complaint for absolute divorce; and Wife did not bring an independent equitable distribution cause of action after voluntarily dismissing her counterclaim for equitable distribution in File No. 18 CVD 201.

Husband's motions to dismiss came on for hearing on 14 February 2020 in Yancey County District Court. Neither Wife nor her attorney was present at the hearing.[1] In an order entered 24 February 2020, the trial court granted Husband's motions to dismiss Wife's motions in the cause in File Nos. 18 CVD 201 and 19 CVD 224. Wife timely appeals.

## II. Standard of Review

The order on appeal ruled on Husband's motion to dismiss based upon subject

---

[1] On appeal, Wife has also challenged the trial court's denial of her motion to continue the hearing on the motions to dismiss based upon her attorney's conflict due to a previously scheduled contempt hearing in Henderson County. She also raised an issue on appeal regarding the lack of at least ten days prior notice of the hearing on the motions to dismiss. Because of our disposition, we will not address the other issues regarding timing of the notice of hearing and denial of the motion to continue.

matter jurisdiction.

> Rule 12(b)(1) permits a party to contest, by motion, the jurisdiction of the trial court over the subject matter in controversy. We review Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction *de novo* and may consider matters outside the pleadings. Pursuant to the de novo standard of review, the court considers the matter anew and freely substitutes its own judgment for that of the trial court.

*Trivette v. Yount*, 217 N.C. App. 477, 482, 720 S.E.2d 732, 735 (2011) (citations, quotation marks, and brackets omitted). Husband also presents an argument regarding the proper method for asserting an equitable distribution claim based upon an interpretation of North Carolina General Statute § 50-11 and thus raises an issue of statutory construction. Statutory construction is an issue of law which we review *de novo* on appeal. *State v. Hayes*, 248 N.C. App. 414, 415, 788 S.E.2d 651, 652 (2016).

## III.    Analysis

The trial court's order addressing the motions to dismiss in both actions includes several findings of fact, but most of the findings address the procedural history of the two cases and some findings address the issues regarding the motion to continue and timeliness of service of the notice of hearing.

The finding of fact relevant to the issues on appeal are as follows:

> 7. That as of January 27, 2020 there were no causes of action before the court in Yancey County file No. 18 CVD 201.

8. That on or about December 17, 2019 [Wife] took a voluntary dismissal without prejudice of her counter-claim for Equitable Distribution resolving all causes of action in Yancey County file No. 18 CVD 201.

9. That Yancey County File No. 19 CVD 224 is a complaint for Absolute Divorce filed by [Husband] on or about October 11, 2019.

10. That [Wife] was properly served with the divorce complaint in Yancey County File No. 19 CVD 224.

11. That [Wife] has not answered or sought leave of the court to answer or counterclaim in Yancey County File No. 19 CVD 224.

12. That a divorce judgment was entered in Yancey County File No. 19 CVD 224 on January 27, 2020.

The relevant conclusions of law are as follows:

1. That above "Findings of Fact" are herein incorporated by reference and made a part hereof.

2. The parties are properly before the court, and the Court has jurisdiction over the parties hereto and the subject matter herein.[2]

---

[2] Husband's brief notes that "the trial court concluded as a matter of law in the dismissal Order that the court had subject matter jurisdiction" but contends "that conclusion only applies to the trial court's jurisdiction to enter the Order dismissing the action, not to whether its jurisdiction had been invoked as to the issue of equitable distribution." Since Husband's motions to dismiss were based upon his contention of a lack of subject matter jurisdiction, while the trial court concluded it had subject matter jurisdiction but also dismissed Wife's claims, the actual meaning of the conclusion is not clear. But we need not address Husband's contention regarding the interpretation of the order, as subject matter jurisdiction can be raised at any time, even for the first time on appeal, and we conduct *de novo* review of subject matter jurisdiction and issues of statutory interpretation as presented in this appeal. *See Lemmerman v. A.T. Williams Oil Co.,* 318 N.C. 577, 580, 350 S.E.2d 83, 85 (1986); *see also Hayes,* 248 N.C. App. at 415, 788 S.E.2d at 652.

The trial court concluded it had subject matter jurisdiction but also granted Husband's motions to dismiss Wife's equitable distribution claims, apparently based upon its determinations that in File No. 19 CVD 224, Wife "has not answered or sought leave of court to answer or counterclaim" and in File No. 18 CVD 201, "as of January 27, 2020 there were no causes of action before the court in Yancey County file No. 18 CVD 201."

¶ 12        In North Carolina, "[u]pon application of a party, the court shall determine what is the marital property and divisible property and shall provide for an equitable distribution of the marital property and divisible property between the parties in accordance with the provisions of this section." N.C. Gen. Stat. § 50-20(a) (2019). "An absolute divorce obtained within this State shall destroy the right of a spouse to equitable distribution under G.S. 50-20 *unless the right is asserted prior to judgment of absolute divorce*[.]" N.C. Gen. Stat. § 50-11(e) (2019) (emphasis added).

¶ 13        Wife argues "the trial court committed reversible error in dismissing [Wife's] Motion for Equitable Distribution when [Wife] had properly filed her claim for equitable distribution in both 18-CVD-201 and 19-CVD-224." (Original in all caps.) Wife contends her claims for equitable distribution in File Nos. 18 CVD 201 and 19 CVD 224 were preserved because they were filed before the trial court entered an absolute divorce judgment. In both File Nos. 18 CVD 201 and 19 CVD 224, Husband

argues the equitable distribution claim cannot be "asserted" by a motion in the cause but that it must be brought by an independent complaint or a counterclaim. In File No. 18 CVD 201, Husband argues Wife's motion in the cause was untimely because she filed it over 30 days after she was served with the absolute divorce complaint. In File No. 19 CVD 224, Husband argues that "a new complaint is clearly required in order to commence a new civil action following a Rule 41 dismissal, and a motion in the cause in the dismissed action in insufficient." We address each action in turn.

## A. File No. 18 CVD 201- Motion in the Cause Filed After Dismissal of Prior Claim

¶ 14    First, we address the trial court's dismissal of Wife's motion in the cause for equitable distribution in File No. 18 CVD 201, after her voluntary dismissal of her equitable distribution claim in this action. Husband contends that a new complaint was necessary to commence a new civil action for equitable distribution after Wife took a Rule 41 dismissal of her counterclaims. Specifically, Husband argues that "no statutory authority exists that authorizes the re-initiation of a previously dismissed civil action by motion in the cause[.]" At least to the extent that Wife sought to re-commence the equitable distribution claim by a motion in the previously dismissed civil action, we agree.

¶ 15    As a general rule, the effect of a voluntary dismissal without prejudice under Rule 41(a)(1) is "to terminate the action, and no suit is pending thereafter on which

the court can enter a valid order." *Collins v. Collins*, 18 N.C. App. 45, 50, 196 S.E.2d 282, 286 (1973). But like most rules, this one has exceptions, and those exceptions depend upon the type of claim or action involved. A Rule 41 dismissal may apply to "an action or any claim therein." N.C. Gen. Stat. § 1A-1, Rule 41 (2019). Here, Wife had previously dismissed other claims within the same action, and then she dismissed her last remaining claim of equitable distribution. In domestic cases, one action may include several types of claims, and claims within the action may be treated differently. "An 'action' is defined as 'a formal complaint within the jurisdiction of a court of law.' A 'claim' is a 'demand for money or property' or a 'cause of action.'" *Massey v. Massey*, 121 N.C. App. 263, 267, 465 S.E.2d 313, 315 (1996) (quoting Black's Law Dictionary 28 (6th ed. 1990)).

¶ 16        In *Jackson v. Jackson*, 68 N.C. App. 499, 315 S.E.2d 90 (1984), this Court discussed one of the exceptions to the general rule that a Rule 41(a)(1) dismissal ends the trial court's jurisdiction to rule on a later motion. There, the plaintiff wife filed an action with claims for "child custody and support, alimony, sequestration of the marital home for the use and benefit of the children, and legal fees." *Id.* at 500, 315 S.E.2d at 90. The defendant husband filed an answer and counterclaims for child custody and support, divorce from bed and board, possession and use of the marital home, alimony, and legal fees. *Id.* After a hearing, in January 1982 the trial court entered an order dismissing the wife's claims with prejudice under Rule 41(b) and

dismissing the husband's claims without prejudice due to a defect in notice to the wife. *Id.* In March 1982, the husband filed a motion in the cause for child custody and support and possession of the marital home. *Id.* at 501, 315 S.E.2d at 91. The trial court then entered an order ruling on husband's motion and granting the husband child custody and support. *Id.* The wife filed a motion pursuant to Rule 60(b)(4) to set aside the court's order for lack of jurisdiction; the trial court denied her motion and wife appealed. *Id.* On appeal, the wife argued "the District Court was without jurisdiction to entertain a motion in the cause since no cause existed after the entry of the order of dismissal." *Id.*

¶ 17      This Court noted that under Rule 41(b), "[t]he court's dismissal of plaintiff's claim for alimony operated as a final adjudication on the merits" but held the trial court still retained jurisdiction over the matters of child custody and support based upon husband's motion in the cause filed after the dismissals of both wife's and husband's claims and counterclaims. *Id.* As to jurisdiction, this Court held:

> The court's ruling on plaintiff's claims for custody and support cannot be said to be a final adjudication[,] however, since the issue of custody and support remains *in fieri* until the children have become emancipated. Where custody and support are brought to issue by the pleadings, the court retains continuing jurisdiction over these matters even when the issues are not determined by the judgment. Here, where the issues of custody and support were raised in plaintiff's complaint and ruled on by the trial judge, we think it clear that the court retained jurisdiction to entertain and rule on defendant's motion in the cause.

*Id.* at 501–02, 315 S.E.2d at 91 (citations and quotation marks omitted).

¶ 18 In the context of child custody and support, even where a party has dismissed a claim, the trial court may retain jurisdiction to enter further orders. "Indeed, this Court has consistently upheld the continuing jurisdiction of the trial court over child custody and support actions and has often reiterated that the 'jurisdiction of the court to protect infants is broad, comprehensive and plenary.'" *Massey v. Massey*, 121 N.C. App. 263, 268–69, 465 S.E.2d 313, 316 (1996) (quoting *Latham v. Latham*, 74 N.C. App. 722, 724, 329 S.E.2d 721, 722 (1985)). But equitable distribution claims are not subject to the same rules of continuing jurisdiction as child support and custody claims, nor does the trial court have the same interest in protecting the best interests of the children in this type of claim. For an equitable distribution claim, the general rule controls: Wife's voluntary dismissal of her equitable distribution claim without prejudice under Rule 41(a)(1) terminated the action.

¶ 19 As of 1 October 2019, all the "claims" in the "civil action" in File No. 18 CVD 201 had been dismissed or fully resolved, with the exception of Wife's counterclaim for equitable distribution. When Wife filed the notice of voluntary dismissal of this remaining "claim" in the "civil action," that civil action was closed. Wife took the voluntary dismissal without prejudice, so she still retained the right to assert a "claim" for equitable distribution until entry of an absolute divorce judgment. N.C.

Gen. Stat. § 1A-1, Rule 41. But after she dismissed her equitable distribution counterclaim, her claim for equitable distribution could be re-asserted only by timely "commencing" a new "civil action" by filing a summons and complaint *or* by asserting the claim by a pleading or motion in the other Chapter 50 action pending between the parties, specifically the absolute divorce action in File No. 19 CVD 224. *See id.* Because Wife's prior dismissal of her equitable distribution claim terminated the action, after the dismissal there was "no suit . . . pending thereafter on which the court [could] enter a valid order[,]" *Collins*, 18 N.C. App. at 50, 196 S.E.2d at 286, and the trial court did not err in allowing Husband's motion to dismiss Wife's motion in the cause in File No. 18 CVD 201.

## B. File No. 19 CVD 224- Motion in the Cause Prior to Entry of Absolute Divorce Judgment

### 1. *Timing of Claim*

¶ 20 We will first address Husband's argument that Wife was barred from filing an answer or counterclaim, or a motion in the cause including a claim for equitable distribution, because her motion was filed over 30 days after service of the summons and complaint. Husband has cited no cases in support of this argument that Wife's time to file an answer or counterclaim had "expired" but cites only North Carolina General Statute § 1A-1, Rule 12(a)(1).

¶ 21 Here, there was no entry of default or other order limiting Wife's ability to file

an answer, counterclaim, or motions in the pending absolute divorce action against her. *See* N.C. Gen. Stat. § 1A-1, Rule 55(a) (2019) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute . . . the clerk shall enter his default."). And in a claim for absolute divorce, the procedure of obtaining a judgment by default after entry of default is not available to bar a defendant from answering the divorce complaint even after the expiration of 30 days after service of the summons and complaint because the allegations of the complaint are "deemed to be denied" even if no answer has been filed. N.C. Gen. Stat. § 50-10(a) (2019) ("[T]he material facts in every complaint asking for a divorce or for an annulment shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, *and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a judge or jury.*" (emphasis added)).

¶ 22 Wife filed her motion before entry of the absolute divorce judgment. Even though she had not filed an answer, the allegations of the absolute divorce complaint were "deemed to be denied" under North Carolina General Statute § 50-10 and Wife's right to file an answer, counterclaim, or motion prior to entry of the absolute divorce had not "expired."

¶ 23 The trial court's order also found Wife had not sought "leave of court" to file an answer or counterclaim. Husband has not identified any statutory requirement for

Wife to seek "leave of court" to file an answer or motion in this situation. The reference to "leave of court" appears to be based upon North Carolina General Statute § 1A-1, Rule 15(a), which allows a party to

> amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only *by leave of court* or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within 30 days after service of the amended pleading, unless the court otherwise orders.

N.C. Gen. Stat. § 1A-1, Rule 15(a) (2019) (emphasis added). Wife had not filed any answer or pleading in this action before filing her motion in the cause, so there was no prior pleading for her to seek "leave of court" to amend. Wife still had the right to file an answer, counterclaim, or motion in the divorce action. The time for Wife to "assert" her equitable distribution claim in this situation expired only upon entry of the divorce judgment, and she filed her motion before entry of the judgment.

¶ 24 The only statutory limitation on the time for bringing an equitable distribution claim pertinent to this case is found in North Carolina General Statute § 50-11, requiring only that the equitable distribution claim be "asserted" before the entry of the absolute divorce judgment. N.C. Gen. Stat. § 50-11(e). The absolute divorce judgment here was entered on 27 January 2020 at 10:21 A.M., when it was written,

signed, and filed. *See* N.C. Gen. Stat. § 1A-1, Rule 58 (2019) ("[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court pursuant to Rule 5.").

¶ 25      In *Santana v. Santana*, 171 N.C. App. 432, 614 S.E.2d 438 (2005), the wife filed a complaint for absolute divorce. *Id.* at 433, 614 S.E.2d at 439. Her complaint alleged that the issues of child support, alimony, and equitable distribution "'are to be reserved.'" *Id.* The husband filed an answer joining in the request for absolute divorce. *Id.* The wife then filed a motion for summary judgment on the request for absolute divorce. *Id.* The trial court held the divorce hearing on 11 August 2003 and "orally pronounced and rendered an absolute divorce in open court," but did not sign and file the divorce judgment until 19 August 2003. *Id.* at 435, 614 S.E.2d at 440. On 18 August 2003, after the hearing and rendition of the ruling but before entry of the divorce judgment, the wife filed a motion alleging, "the parties own marital property located in Mexico, specifically but not limited to a house owned by the [wife] solely and retirement funds in the [husband's] name [wife] has a marital interest in said property." *Id.* at 433, 614 S.E.2d at 439 (quotation marks omitted). The wife requested the court "reserve [her] rights to equitable distribution of marital property and debts." *Id.* The husband filed a motion to dismiss the wife's claim for equitable distribution. *Id.*

¶ 26      The trial court granted the motion to dismiss because the motion raising the

equitable distribution claim was "not timely filed, and [is] therefore barred as a matter of law." *Id.* at 434, 614 S.E.2d at 439. This Court reversed the trial court's order, holding that "[s]ince [the wife] asserted her right to equitable distribution prior to the divorce judgment, her claim for equitable distribution was not barred as a matter of law, and the trial court erred in granting [the d]efendant's motion to dismiss. N.C. Gen. Stat. § 50–11(e)." *Id.* at 435, 614 S.E.2d at 440. Just as in *Santana*, here Wife "asserted her right to equitable distribution prior to the divorce judgment [so] her claim for equitable distribution was not barred as a matter of law" based upon the time she filed her motion. *Id.* Moreover, as discussed below, although the *Santana* Court did not specifically address the propriety of bringing the equitable distribution claim in a motion instead of a complaint or counterclaim, *Santana* supports our conclusion that an equitable distribution claim can be "asserted" by a motion in the cause. *See id.*

### 2. *Propriety of Bringing Equitable Distribution Claim as Motion in the Cause*

¶ 27     Husband argues the equitable distribution claim must be brought by a complaint or an answer and counterclaim, not a motion in the cause. Husband interprets the language of North Carolina General Statute § 50-21(a) as limiting the scenarios when an equitable distribution action may be brought in a motion in the cause to the "two very limited and specific circumstances" enumerated in subsections

(e) and (f) of North Carolina General Statute § 50-11. Thus, Husband argues that since the circumstances addressed by subsections (e) and (f) are not present in this case, Wife's motions in the cause did not invoke the trial court's subject matter jurisdiction over the equitable distribution claim. We must consider whether North Carolina General Statutes §§ 50-20 and 50-21 limit the mechanism for "asserting" an equitable distribution claim to a particular form of pleading – a complaint or counterclaim – but not a motion in the cause.

¶ 28    North Carolina General Statute § 50-21 sets the beginning of the time for asserting an equitable distribution claim – the date of separation – and provides how the claim may be brought as an individual claim or may be joined with other claims:

> (a) At any time after a husband and wife begin to live separate and apart from each other, a claim for equitable distribution may be filed and adjudicated, either as a separate civil action, *or together with any other action brought pursuant to Chapter 50 of the General Statutes*, or as a motion in the cause as provided by G.S. 50-11(e) or (f).

N.C. Gen. Stat. § 50-21(a) (emphasis added). Subsections (e) and (f) of North Carolina General Statute § 50-11 provide for two limited exceptions when the equitable distribution claim may be asserted *after* entry of the absolute divorce judgment:

> (e) An absolute divorce obtained within this State shall destroy the right of a spouse to equitable distribution under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce; except, the defendant may bring an action or file a motion in the cause for equitable distribution within six months from the date of the judgment in such a

> case if service of process upon the defendant was by publication pursuant to G.S. 1A-1, Rule 4 and the defendant failed to appear in the action for divorce.
>
> (f) An absolute divorce by a court that lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property shall not destroy the right of a spouse to equitable distribution under G.S. 50-20 if an action or motion in the cause is filed within six months after the judgment of divorce is entered. The validity of such divorce may be attacked in the action for equitable distribution.

N.C. Gen. Stat. § 50-11(e), (f).

Husband's interpretation of North Carolina General Statute § 50-11 focuses on the second phrase of subsection (e), but the second phrase simply does not apply to this case, and the use of the words "motion in the cause" in that subsection implies no limitation on how the equitable distribution claim may be brought in other circumstances. Subsections (e) and (f) both address situations where the divorce judgment has already been entered so there may be no pending claims left in the absolute divorce action, but the spouse who wants to assert an equitable distribution claim in the circumstances described in subsections (e) and (f) still has the option of filing either a new action or a motion in the cause. *See* N.C. Gen. Stat. § 50-11(e), (f). These subsections address only the timing of the equitable distribution claim – allowing it to be asserted after the entry of the absolute divorce – not the type of pleading in which the claim may be asserted.

¶ 30 The statutory language is clear. *See Correll v. Division of Soc. Servs.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992) ("The legislative purpose of a statute is first ascertained by examining the statute's plain language."). The first phrase of subsection (e) addresses the timing for the assertion of an equitable distribution claim in general: "An absolute divorce obtained within this State shall destroy the right of a spouse to equitable distribution under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce[.]" N.C. Gen. Stat. § 50-11(e). This phrase is followed by a semicolon and the word "*except.*" *Id.* (emphasis added). The second phrase, by its express terms, notes an *exception* to the general rule stated in the first phrase that an equitable distribution claim must be "asserted" *before* the absolute divorce judgment. *Id.* That exception applies only to a defendant-spouse served by publication who failed to appear in the absolute divorce action. *Id.* Subsection (f) also notes an exception to the rule stated in the first phrase of subsection (e) that the equitable distribution claim must be asserted before the absolute divorce judgment, applicable where the trial court lacked personal jurisdiction over the "absent spouse" or jurisdiction to dispose of the property. N.C. Gen. Stat. § 50-11(f). Neither of these exceptional circumstances applies here, as Wife was personally served with the summons and complaint.

¶ 31 None of the statutes addressing equitable distribution limit the particular type of pleading for "filing" (N.C. Gen. Stat. § 50-21) or "asserting" (N.C. Gen. Stat. §

50-11) an equitable distribution claim. The equitable distribution claim may be asserted in "a separate civil action, or together with any other action brought pursuant to Chapter 50 of the General Statutes, or as a motion in the cause as provided by G.S. 50-11(e) or (f)." N.C. Gen. Stat. § 50-21(a). When Wife filed her motion in the cause, Husband's complaint for absolute divorce in File No. 19 CVD 224 – based on one year's separation as provided in North Carolina General Statute § 50-6 – was pending. The absolute divorce case is an "action brought pursuant to Chapter 50 of the General Statutes." *Id.* North Carolina General Statute § 50-21 does not limit a claim brought "together" with other Chapter 50 claims to a claim brought by a particular party. And in *Santana*, discussed above, the equitable distribution claim was asserted by a motion. *Santana*, 171 N.C. App. at 434, 614 S.E.2d at 439–40. In *Santana*, this Court noted the wife's motion was in accord with Rule 7: "N.C. Gen. Stat. § 1A–1, Rule 7(b) (2004) ('An application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.)." *Id.* Wife's motion in the cause in File No. 19 CVD 224 complied with the requirements of Rule 7 and was statutorily authorized, as it was a claim filed "together with any other action brought pursuant to Chapter 50 of the General Statutes[.]" *See* N.C. Gen. Stat. § 50-21(a). And because it was filed before entry of the divorce judgment, Wife's motion preserved her equitable distribution claim.

### 3. *Sufficiency of Pleading*

Finally, this Court has noted that "a pleading requesting the court to enter an order distributing the parties' assets in an equitable manner is sufficient to state a claim for equitable distribution." *Coleman v. Coleman*, 182 N.C. App. 25, 28, 641 S.E.2d 332, 336 (2007) (citation omitted). We note this case does not present a question of the adequacy of the pleading of the equitable distribution claim. *Cf. id.* at 28, 641 S.E.2d at 335–36 ("Recognizing that '[t]here is nothing in the statute regarding the sufficiency of the pleadings to support a claim for equitable distribution[,]' our Supreme Court also acknowledged that 'equitable distribution is not automatic[,]' and that a party seeking such division of marital property 'must specifically apply for it.'" (citation omitted (alterations in original))). However, we note that Wife's motion in the cause in File No. 19 CVD 224 was specifically based upon North Carolina General Statute § 50-20 and included detailed allegations of an equitable distribution claim, including a claim for "a share greater than fifty percent of all Marital and Divisible Property" based upon the statutory factors in North Carolina General Statute § 50-20(c). Thus, Wife's motion in the cause in File No. 19 CVD 224 was sufficient to state a claim for equitable distribution.

## IV. Conclusion

As to File No. 18 CVD 201, where Wife filed a motion in the cause after all claims had been fully resolved or dismissed by the parties, the effect of the voluntary

dismissal without prejudice under Rule 41(a)(1) was "to terminate the action, and no suit is pending thereafter on which the court can enter a valid order." *Collins*, 18 N.C. App. at 50, 196 S.E.2d at 286. As a result, we affirm the portion of the trial court's order dismissing Wife's equitable distribution claim in File No. 18 CVD 201.

¶ 34      As to File No. 19 CVD 224, where Wife's motion in the cause asserted a claim for equitable distribution and was filed before entry of the divorce judgment, her equitable distribution claim was preserved. As a result, we reverse the portion of the trial court's order dismissing Wife's equitable distribution claim in File No. 19 CVD 224 and remand for further proceedings upon this claim.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges ZACHARY and GORE concur.