DILLON, Judge.
 

 Arvin Roscoe Hayes ("Defendant") appeals from a jury verdict finding him guilty of felony indecent exposure in the presence of a female victim under the age of sixteen (16) and misdemeanor indecent exposure in the presence of an adult female victim. We find no error in Defendant's conviction for felony indecent exposure. However, for the following reasons, we arrest judgment on the conviction of misdemeanor indecent exposure and remand this case to the trial court for resentencing.
 

 *652
 
 I. Background
 

 The evidence tended to show the following: In July 2014, S.C. ("Mother") and her three daughters were shopping at a retail store in Wilkesboro. Mother and her thirteen-year-old daughter, D.C. ("Daughter"), noticed that Defendant was following them from aisle to aisle and that he was staring at them. At one point, while Defendant was standing two feet away from Mother and Daughter, Mother saw him grabbing and rubbing his penis, part of which was sticking out of his pants. Mother and her daughters went to the store clerk and asked the clerk to call the police. Defendant was later apprehended in a nearby store and identified by Mother.
 

 Defendant was charged and convicted of felony indecent exposure (for exposing himself to Daughter) and misdemeanor indecent exposure (for exposing himself to Mother). The jury returned guilty verdicts for all charges, and Defendant was sentenced accordingly. Defendant timely appealed.
 

 II. Standard of Review
 

 If a trial court enters judgment on multiple charges, in violation of a statutory mandate, that issue is automatically preserved for appeal.
 
 State v. Braxton,
 

 352 N.C. 158
 
 , 177,
 
 531 S.E.2d 428
 
 , 439 (2000). Issues of statutory construction are questions of law which we review
 
 de novo
 
 on appeal, "consider [ing] the matter anew and freely substitut[ing] our judgment for the judgment of the lower court."
 
 Lunsford v. Mills,
 

 367 N.C. 618
 
 , 623,
 
 766 S.E.2d 297
 
 , 301 (2014).
 

 III. Analysis
 

 The central question to this appeal is whether Defendant's one instance of exposing himself to multiple people, one of which was a minor, may result in both a felony and a misdemeanor charge. Defendant argues that the misdemeanor statute precludes him from being found guilty of both misdemeanor and felonious indecent exposure. We agree.
 

 This question is one of statutory interpretation. "In matters of statutory construction, our primary task is to ensure that the purpose of the legislature ... is accomplished. Legislative purpose is first ascertained from the plain words of the statute."
 
 State v. Anthony,
 

 351 N.C. 611
 
 , 614,
 
 528 S.E.2d 321
 
 , 322 (2000). A statute's words carry their "natural and ordinary meaning" when an alternative meaning is not provided within the statute and those words are "clear and unambiguous."
 
 Lunsford,
 

 367 N.C. at 623
 
 ,
 
 766 S.E.2d at
 
 301 (citing
 
 In re Banks,
 

 295 N.C. 236
 
 , 239,
 
 244 S.E.2d 386
 
 , 388-89 (1978) ).
 

 Defendant was convicted of misdemeanor indecent exposure pursuant to N.C. Gen.Stat. § 14-190.9(a) (the "Misdemeanor Statute"), which provides as follows:
 

 (a)
 
 Unless the conduct is punishable under subsection (a1) of this section,
 
 any person who shall willfully expose the private parts of his or her person in any public place and in the presence of any other person or persons ... shall be guilty of a Class 2 misdemeanor.
 

 N.C. Gen. Stat § 14-190.9(a) (2013) (emphasis added). Under the plain words of the statute, Defendant's conduct in the present case subjects him to criminal liability for a single misdemeanor count, even though multiple "persons" may have witnessed his behavior,
 
 unless
 
 his conduct is otherwise punishable as a felony under subsection (a1) of that statute (the "Felony Statute"). The Felony Statute provides as follows:
 

 (a1) Unless the conduct is prohibited by another law providing greater punishment, any person at least 18 years of age who shall willfully expose the private parts of his or her person in any public place in the presence of any other person less than 16 years of age for the purpose of arousing or gratifying sexual desire shall be guilty of a Class H felony.
 

 N.C. Gen. Stat § 14-190.9(a1) (2013). And here, Defendant was, in fact, convicted of a felony under subsection (a1) since one of the witnesses (Daughter) was under 16 years of age.
 
 [1]
 

 *653
 
 The State argues that well-established North Carolina law permits a defendant to be punished for multiple crimes resulting from conduct that had multiple victims. For common law crimes such as assault and armed robbery, we have upheld the constitutionality of pursuing multiple charges resulting from the same conduct.
 
 State v. Nash,
 

 86 N.C. 650
 
 , 652 (1882) ;
 
 State v. Johnson,
 

 23 N.C.App. 52
 
 , 55-56,
 
 208 S.E.2d 206
 
 , 208-09 (1974). Using the "same evidence" doctrine, we allow multiple indictments for the same general course of conduct if the State would require different evidence to prove each offense.
 
 State v. Hicks,
 

 233 N.C. 511
 
 , 516,
 
 64 S.E.2d 871
 
 , 875 (1951). For example, an assault on multiple people would require separate showings that each person in the crowd was, in fact, assaulted.
 
 See
 

 State v. Church,
 

 231 N.C. 39
 
 , 43,
 
 55 S.E.2d 792
 
 , 796 (1949).
 

 We recognize that under the "same evidence" doctrine, both Defendant's felony and misdemeanor convictions would likely stand. The State would have to prove that Daughter was present when Defendant exposed himself in order to support the felony charge, and would have to prove that Mother was present when Defendant exposed himself in order to support the misdemeanor charge. These two crimes would require different evidence to prove each count. However, we are faced with a question of statutory interpretation, not a double jeopardy challenge.
 
 See
 

 State v. Mansfield,
 

 207 N.C. 233
 
 ,
 
 176 S.E. 761
 
 (1934). The Misdemeanor Statute plainly forbids conduct from being the basis of a misdemeanor conviction if it is also punishable as felony indecent exposure.
 

 If a trial court improperly convicts a defendant under two statutes for actions stemming from the same conduct, the proper relief is arrestment of the judgment and remand for resentencing.
 
 See
 

 State v. Coakley,
 

 238 N.C.App. 480
 
 , 491,
 
 767 S.E.2d 418
 
 , 426 (2014). Accordingly, we arrest judgment on Defendant's conviction of misdemeanor indecent exposure and remand this matter for resentencing.
 

 JUDGMENT ARRESTED AND REMANDED IN PART, NO ERROR IN PART.
 

 Chief Judge McGEE and Judge HUNTER, JR., concur.
 

 [1]
 

 In fact, the statute does not even require the victim to see the defendant's exposed body part; it only requires for the defendant to be "in the presence" of a victim. Our Court recently considered this issue in
 
 State v. Waddell,
 
 in which the defendant was convicted of felony indecent exposure for exposing himself to a woman, her mother, and her fourteen-month-old son.
 
 See
 

 State v. Waddell,
 

 239 N.C.App. 202
 
 , 205,
 
 767 S.E.2d 921
 
 , 924 (2015) (noting that "[i]n order to convict a defendant of indecent exposure in public, the exposure need only be in the
 
 presence
 
 of another person; it need not be seen by, let alone directed at, another person").