INMAN, Judge.
Isaac Wade Traub ("Defendant") appeals his convictions for felony indecent exposure and taking indecent liberties with a minor following a jury trial. After careful review of the record and applicable law, we conclude that Defendant failed to preserve his challenge to a pre-trial photo show-up and affirm the trial court's sentencing decision.
Factual and Procedural Background
The evidence introduced at trial tended to show the following:
At or around 8:00 pm on 22 July 2014, then six-year old A.H. ("Amy")[1] visited a Walmart with her grandmother and great-grandmother to pick out a gift for her birthday. The adults remained in a nearby aisle and allowed Amy to explore a toy aisle on her own. Defendant approached Amy, pulled down his pants, exposed his penis, and asked Amy if she had "ever seen one before," and "if she wanted to see his wiener" and "touch it." Defendant also asked Amy to "see her panties" and to receive a "kiss from her." Amy screamed and ran towards her grandmothers, looking "white" and "terrified," and asked to leave the store. When Amy told them what she witnessed, the group went to an employee and the police were called at 8:17 pm.
Officer Morgan Morse ("Officer Morse") responded to the call and arrived at the Walmart around 8:23 pm. Amy told Officer Morse that Defendant "was wearing black sunglasses, a blue shirt with writing on it, blue jeans, and maybe a black hat." Amy also testified at trial that Defendant might have "had curly hair." Officer Morse relayed Amy's identification to Angie Timpson ("Ms. Timpson"), Walmart's assistant manager at the time, who reviewed security camera video surveillance of the store's entrances and exits. Ms. Timpson reviewed video footage from approximately thirty minutes before Amy entered the store to the time Defendant left the store. Only Defendant matched Amy's description of the perpetrator. The video depicted Amy entering the store at 7:45 pm, Defendant entering at 7:59 pm, and Defendant leaving at 8:18 pm. Ms. Timpson told Officer Morse that she had found only one person matching the description Amy had provided. After Amy told Officer Morse that she could identify the person who approached her, Officer Morse brought Amy to the Walmart security camera room and showed her a still image taken from the security camera video footage. Amy identified Defendant depicted in the photo as the perpetrator "without any hesitation."
Before trial, Defendant's trial counsel filed a motion to suppress Amy's pre-trial identification, arguing that Officer Morse's use of a single photo taken from the security camera was impermissibly suggestive. The trial court denied Defendant's motion. During trial, the State presented nine security camera still images surrounding the incident-including the photo that Amy used to identify Defendant-which the trial court admitted absent any objection by Defendant's trial counsel. Amy also identified Defendant at trial.
At the close of the State's evidence, the trial court denied trial counsel's motion to dismiss and to strike the in-court identification. Defendant presented no evidence. The jury found Defendant guilty of taking indecent liberties with a minor and indecent exposure. Defendant timely appealed.
Analysis
I. Pre-Trial Identification
Defendant argues that the trial court erred in denying his motion to suppress evidence of Amy's pre-trial identification of him based on an unfairly suggestive photo show-up. We will not consider this argument because Defendant failed to preserve this issue for appeal. A "trial court's evidentiary ruling on a pretrial motion is not sufficient to preserve the issue of admissibility for appeal unless [Defendant] renews the objection during trial." State v. Oglesby , 361 N.C. 550, 554, 648 S.E.2d 819, 821 (2007) (emphasis in original). Defendant thus had to separately object to the evidence of the pre-trial identification during the trial.
When "evidence is admitted without objection, the benefit of a prior objection to the same or similar evidence is lost, and the defendant is deemed to have waived his right to assign as error the prior admission of the evidence." State v. Jolly , 332 N.C. 351, 361, 420 S.E.2d 661, 667 (1992) (citation omitted). Defendant's trial counsel did not object to any of the nine admitted photographs taken from the video surveillance footage at the store, depicting the parties entering, walking, and then leaving-including the same photograph Amy used to identify Defendant. Nor did Defendant's trial counsel object at any time during Amy's testimony regarding her pre-trial identification of him.
After the pre-trial identification evidence had already been admitted, Defendant's trial counsel summarily objected to Amy's in-court identification of Defendant based on her pre-trial exposure to the single photo show-up. That objection came too late. See State v. Frogge , 351 N.C. 576, 582-83, 528 S.E.2d 893, 898 (2000) ("Where evidence is admitted over objection, and the same evidence has been previously admitted ... the benefit of the objection is lost."). Because Defendant failed to timely object at trial concerning the pre-trial identification procedure and has not argued that the trial court committed plain error in admitting the evidence, he has not preserved this issue for appeal. See N.C. R. App. P. 10(a)(4) (2018) ("[A]n issue that was not preserved by objection ... [can] be made the basis of an issue presented on appeal when ... specifically and distinctly contended to amount to plain error.").
In the alternative, Defendant requests that we consider this issue pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure. "To prevent manifest injustice," Rule 2 allows reviewing courts to suspend other rules of appellate procedure. N.C. R. App. P. 2. Defendant had a plethora of opportunities to object at trial and there is "longstanding case law" concerning the preservation of pre-trial motion determinations. State v. Hargett , 241 N.C. App 121, 128, 772 S.E.2d 115, 121 (2015). We decline to invoke Rule 2 in our discretion.
II. Judgment and Sentencing on Both Counts
Defendant also argues that the indecent exposure statute prohibited the trial court from entering judgments of conviction and sentencing him for both indecent exposure and taking indecent liberties with a minor. Though Defendant did not object to this issue at trial, allegations of a failure to comply with a statutory mandate are automatically preserved. State v. Jamison , 234 N.C. App. 231, 237, 758 S.E.2d 666, 671 (2014). Issues of statutory construction are reviewed de novo on appeal. Id. at 238, 758 S.E.2d at 671. Under de novo review, we consider "the matter anew" and can "freely substitute [our] own judgment" for that of the lower court. State v. Williams , 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008).
Taking indecent liberties with a minor is a felony defined by statute as follows:
(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
(1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
(b) Taking indecent liberties with children is punishable as a Class F felony.
N.C. Gen. Stat. § 14-202.1 (2017). Indecent exposure is a felony defined by statute as follows:
(a1) Unless the conduct is prohibited by another law providing greater punishment, any person at least 18 years of age who shall willfully expose the private parts of his or her person in any public place in the presence of any other person less than 16 years of age for the purpose of arousing or gratifying sexual desire shall be guilty of a Class H felony....
Id. § 14-190.9(a1). Because Section 14-190.9(a1) includes the phrase, "[u]nless the conduct is prohibited by another law providing greater punishment," Defendant argues it prohibits conviction of indecent exposure based on his conduct also being prohibited by Section 14-202.1, a greater punishment. We agree with the State that both statutes apply because each one was violated based on different conduct by Defendant.
When a statute "contains specific language indicating that the legislature intended that [the statute] apply only in the absence of other applicable provisions," we proceed in accordance with its intent. State v. Ezell , 159 N.C. App. 103, 109, 582 S.E.2d 679, 684 (2004). In Ezell and State v. McCoy , 174 N.C. App 105, 116, 620 S.E.2d 863, 871-72 (2005), we held that a defendant could not be guilty of violating two different assault statutes when there was clear legislative intent to forbid conviction of the lesser offense arising from the same conduct. See also State v. Coakley , 238 N.C. App. 480, 492, 767 S.E.2d 418, 426 (2014) (prohibiting the lesser assault conviction because " 'the conduct [was] covered under some other provision of law providing greater punishment' " (citation omitted) ); State v. Hayes , --- N.C. App. ----, ----, 788 S.E.2d 651, 653 (2016) (forbidding the misdemeanor indecent exposure sentence because the greater punishment of felony indecent exposure supplanted the misdemeanor offense). Consequently, the additional conviction cannot be from the same conduct that caused the other conviction because "the language, '[u]nless the conduct is covered under some other provision of law providing greater punishment' indicate[s] legislative intent ... that if the same conduct was punishable under a different statute carrying a higher penalty, [a] defendant could only be sentenced for that higher offense." State v. Williams , 201 N.C. App. 161, 173-74, 689 S.E.2d 412, 418-19 (2009).
Indecent exposure merely requires that a defendant expose himself in a public place, "in the presence of another person ... [and] need not be seen by, let alone directed at, another person." State v. Waddell , 239 N.C. App. 202, 205, 767 S.E.2d 921, 924 (2015). Defendant violated Section 14-190.9(a1) when he committed the act of revealing his penis in the store in the presence of Amy.
Taking indecent liberties, unlike indecent exposure, involves some engagement between an adult and a child for the purpose of the adult's sexual arousal or gratification. N.C. Gen. Stat. § 14-202.1. "[A] variety of acts may be considered indecent and may be performed to provide sexual gratification to the actor." State v.Etheridge , 319 N.C. 34, 49, 352 S.E.2d 673, 682 (1987). In this case, the trial court defined indecent liberty as "an immoral, improper or indecent touching or act by the defendant upon the child" or a willful commission or attempt "to commit a lewd or lascivious act upon a child." Evidence that Defendant asked Amy if he could "see her panties," for a kiss, and if she wanted to touch his penis, exceeded the scope of the indecent exposure statute and satisfied the elements of the indecent liberties statute. In sum, unlike the decisions in the cases upon which he relies-Ezell , McCoy , Williams , Hayes , and Coakley -Defendant's convictions for indecent exposure and taking indecent liberties were based on different conduct.
Defendant argues in the alternative that the trial court should have instructed the jury that it could not rely on the conduct of Defendant used to find him guilty of indecent exposure to also find him guilty of taking indecent liberties. Defendant's trial counsel did not object to the proposed jury instructions regarding this issue and Defendant has not argued that the trial court committed plain error in this regard. Because Defendant did not object to the instructions at trial and has not expressly alleged plain error on appeal, he has waived review of this issue.
NO ERROR.
Report per Rule 30(e).
Judges TYSON and BERGER concur.

Pursuant to the North Carolina Rules of Appellate Procedure 3.1(b) and 4(e), we will protect the identity of the juvenile victim and use the pseudonym "Amy" throughout this opinion.