IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-448

 Nos. COA20-358, 20-377

 Filed 7 September 2021

 Yancey County, Nos. 18 CVD 201 and 19 CVD 224

 CODY LYNN BRADFORD, Plaintiff,

 v.

 JENNIFER BRADFORD, Defendant.

 Appeals by defendant from order entered 24 February 2020 by Judge Hal

 Harrison in District Court, Yancey County. Heard in the Court of Appeals 26

 January 2021.

 Law Offices of Jamie A. Stokes, PLLC, by Jamie A. Stokes, for plaintiff-
 appellee.

 Donald H. Barton, for defendant-appellant.

 STROUD, Chief Judge.

¶1 Jennifer Bradford (“Wife”) appeals from an order dismissing her two separate

 motions in the cause for equitable distribution in two separate cases. Wife appealed

 the dismissal of each equitable distribution claim asserted in the two cases

 separately. The trial court entered one order addressing both motions to dismiss in

 the two separate actions, and we have consolidated these appeals pursuant to North

 Carolina Appellate Rule 40. See N.C. R. App. P. 40.
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

¶2 In File No. 18 CVD 201, we hold the trial court properly dismissed Wife’s

 equitable distribution claim because when Wife filed the motion in the cause, all

 pending claims had been fully resolved or dismissed by the parties and the effect of

 her prior voluntary dismissal of her equitable distribution claim without prejudice

 under Rule 41(a)(1) was “to terminate the action.” In File No. 19 CVD 224, we hold

 the trial court erred in dismissing Wife’s equitable distribution claim because Wife

 asserted her equitable distribution claim by a motion in the cause filed before entry

 of the absolute divorce judgment. As a result, we affirm in part and reverse and

 remand in part the trial court’s order.

 I. Background

¶3 Husband and Wife married 1 April 2011, had one child in 2015, and separated

 26 September 2018. On 27 September 2018, Husband filed a complaint in File No.

 18 CVD 201 for ex parte temporary and permanent custody, and the trial court

 awarded him immediate sole legal and physical custody of the child. On 22 October

 2018, Wife filed an answer and counterclaims for divorce from bed and board, child

 custody, child support, equitable distribution, post separation support, alimony, and

 attorney’s fees. Subsequently, Husband and Wife each filed equitable distribution

 inventory affidavits. On 25 April 2019, the trial court entered a permanent child

 custody order.

¶4 A hearing on Wife’s equitable distribution counterclaim was calendared for 17
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 December 2019. Wife took a voluntary dismissal with prejudice of all of her

 counterclaims — except her claim for equitable distribution — on 1 October 2019.

¶5 On 11 October 2019, Husband filed a complaint for absolute divorce in File No.

 19 CVD 224. In the complaint, Husband asked “that the equitable distribution claim

 in Yancey County File No. 18CVD201 be severed and preserved.” A hearing on the

 absolute divorce claim in File No. 19 CVD 224 was calendared for 27 January 2020.

¶6 The trial court entered a final pre-trial order on equitable distribution in File

 No. 18 CVD 201 on 18 November 2019. On 17 December 2019, after mediation

 reached an impasse, Wife took a voluntary dismissal without prejudice of her

 counterclaim for equitable distribution in File No. 18 CVD 201. On 27 January 2020,

 Wife filed motions in the cause asserting claims for equitable distribution in both File

 Nos. 18 CVD 201 and 19 CVD 224; both motions were filed at 8:21 A.M. Later the

 same day, after a testimonial hearing upon the absolute divorce claim, the trial court

 entered an absolute divorce judgment in File No. 19 CVD 224. The signed divorce

 judgment was filed at 10:07 A.M.

¶7 On 5 February 2020, Husband filed motions to dismiss Wife’s motions in the

 cause in File Nos. 18 CVD 201 and 19 CVD 224. Husband’s motions to dismiss were

 based upon North Carolina General Statute § 50-20 and North Carolina General

 Statute § 1A-1, Rule 12(b)(1), raising the issue of subject matter jurisdiction. In his

 motion to dismiss Wife’s motion in the cause in File No. 18 CVD 201, Husband argued
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 that File No. 18 CVD 201 was closed when Wife dismissed her equitable distribution

 counterclaim without prejudice and, accordingly, there were no pending causes of

 action as of 27 January 2020 in that case. In his motion to dismiss Wife’s motion in

 the cause in File No. 19 CVD 224, Husband alleged that Wife did not file an answer

 or request an extension of time after being served with the complaint for absolute

 divorce; Wife did not seek leave of court to answer the complaint for absolute divorce;

 and Wife did not bring an independent equitable distribution cause of action after

 voluntarily dismissing her counterclaim for equitable distribution in File No. 18 CVD

 201.

¶8 Husband’s motions to dismiss came on for hearing on 14 February 2020 in

 Yancey County District Court. Neither Wife nor her attorney was present at the

 hearing.1 In an order entered 24 February 2020, the trial court granted Husband’s

 motions to dismiss Wife’s motions in the cause in File Nos. 18 CVD 201 and 19 CVD

 224. Wife timely appeals.

 II. Standard of Review

¶9 The order on appeal ruled on Husband’s motion to dismiss based upon subject

 1 On appeal, Wife has also challenged the trial court’s denial of her motion to continue the

 hearing on the motions to dismiss based upon her attorney’s conflict due to a previously
 scheduled contempt hearing in Henderson County. She also raised an issue on appeal
 regarding the lack of at least ten days prior notice of the hearing on the motions to dismiss.
 Because of our disposition, we will not address the other issues regarding timing of the notice
 of hearing and denial of the motion to continue.
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 matter jurisdiction.

 Rule 12(b)(1) permits a party to contest, by motion, the
 jurisdiction of the trial court over the subject matter in
 controversy. We review Rule 12(b)(1) motions to dismiss
 for lack of subject matter jurisdiction de novo and may
 consider matters outside the pleadings. Pursuant to the de
 novo standard of review, the court considers the matter
 anew and freely substitutes its own judgment for that of
 the trial court.

 Trivette v. Yount, 217 N.C. App. 477, 482, 720 S.E.2d 732, 735 (2011) (citations,

 quotation marks, and brackets omitted). Husband also presents an argument

 regarding the proper method for asserting an equitable distribution claim based upon

 an interpretation of North Carolina General Statute § 50-11 and thus raises an issue

 of statutory construction. Statutory construction is an issue of law which we review

 de novo on appeal. State v. Hayes, 248 N.C. App. 414, 415, 788 S.E.2d 651, 652 (2016).

 III. Analysis

¶ 10 The trial court’s order addressing the motions to dismiss in both actions

 includes several findings of fact, but most of the findings address the procedural

 history of the two cases and some findings address the issues regarding the motion

 to continue and timeliness of service of the notice of hearing.

¶ 11 The finding of fact relevant to the issues on appeal are as follows:

 7. That as of January 27, 2020 there were no causes of
 action before the court in Yancey County file No. 18 CVD
 201.
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 8. That on or about December 17, 2019 [Wife] took a
 voluntary dismissal without prejudice of her counter-claim
 for Equitable Distribution resolving all causes of action in
 Yancey County file No. 18 CVD 201.

 9. That Yancey County File No. 19 CVD 224 is a complaint
 for Absolute Divorce filed by [Husband] on or about
 October 11, 2019.

 10. That [Wife] was properly served with the divorce
 complaint in Yancey County File No. 19 CVD 224.

 11. That [Wife] has not answered or sought leave of the
 court to answer or counterclaim in Yancey County File No.
 19 CVD 224.

 12. That a divorce judgment was entered in Yancey County
 File No. 19 CVD 224 on January 27, 2020.

The relevant conclusions of law are as follows:

 1. That above “Findings of Fact” are herein
 incorporated by reference and made a part hereof.

 2. The parties are properly before the court, and the
 Court has jurisdiction over the parties hereto and the
 subject matter herein.[2]

2 Husband’s brief notes that “the trial court concluded as a matter of law in the dismissal

Order that the court had subject matter jurisdiction” but contends “that conclusion only
applies to the trial court’s jurisdiction to enter the Order dismissing the action, not to whether
its jurisdiction had been invoked as to the issue of equitable distribution.” Since Husband’s
motions to dismiss were based upon his contention of a lack of subject matter jurisdiction,
while the trial court concluded it had subject matter jurisdiction but also dismissed Wife’s
claims, the actual meaning of the conclusion is not clear. But we need not address Husband’s
contention regarding the interpretation of the order, as subject matter jurisdiction can be
raised at any time, even for the first time on appeal, and we conduct de novo review of subject
matter jurisdiction and issues of statutory interpretation as presented in this appeal. See
Lemmerman v. A.T. Williams Oil Co., 318 N.C. 577, 580, 350 S.E.2d 83, 85 (1986); see also
Hayes, 248 N.C. App. at 415, 788 S.E.2d at 652.
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 The trial court concluded it had subject matter jurisdiction but also granted

 Husband’s motions to dismiss Wife’s equitable distribution claims, apparently based

 upon its determinations that in File No. 19 CVD 224, Wife “has not answered or

 sought leave of court to answer or counterclaim” and in File No. 18 CVD 201, “as of

 January 27, 2020 there were no causes of action before the court in Yancey County

 file No. 18 CVD 201.”

¶ 12 In North Carolina, “[u]pon application of a party, the court shall determine

 what is the marital property and divisible property and shall provide for an equitable

 distribution of the marital property and divisible property between the parties in

 accordance with the provisions of this section.” N.C. Gen. Stat. § 50-20(a) (2019). “An

 absolute divorce obtained within this State shall destroy the right of a spouse to

 equitable distribution under G.S. 50-20 unless the right is asserted prior to judgment

 of absolute divorce[.]” N.C. Gen. Stat. § 50-11(e) (2019) (emphasis added).

¶ 13 Wife argues “the trial court committed reversible error in dismissing [Wife’s]

 Motion for Equitable Distribution when [Wife] had properly filed her claim for

 equitable distribution in both 18-CVD-201 and 19-CVD-224.” (Original in all caps.)

 Wife contends her claims for equitable distribution in File Nos. 18 CVD 201 and 19

 CVD 224 were preserved because they were filed before the trial court entered an

 absolute divorce judgment. In both File Nos. 18 CVD 201 and 19 CVD 224, Husband
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 argues the equitable distribution claim cannot be “asserted” by a motion in the cause

 but that it must be brought by an independent complaint or a counterclaim. In File

 No. 18 CVD 201, Husband argues Wife’s motion in the cause was untimely because

 she filed it over 30 days after she was served with the absolute divorce complaint. In

 File No. 19 CVD 224, Husband argues that “a new complaint is clearly required in

 order to commence a new civil action following a Rule 41 dismissal, and a motion in

 the cause in the dismissed action in insufficient.” We address each action in turn.

 A. File No. 18 CVD 201- Motion in the Cause Filed After Dismissal of Prior
 Claim

¶ 14 First, we address the trial court’s dismissal of Wife’s motion in the cause for

 equitable distribution in File No. 18 CVD 201, after her voluntary dismissal of her

 equitable distribution claim in this action. Husband contends that a new complaint

 was necessary to commence a new civil action for equitable distribution after Wife

 took a Rule 41 dismissal of her counterclaims. Specifically, Husband argues that “no

 statutory authority exists that authorizes the re-initiation of a previously dismissed

 civil action by motion in the cause[.]” At least to the extent that Wife sought to re-

 commence the equitable distribution claim by a motion in the previously dismissed

 civil action, we agree.

¶ 15 As a general rule, the effect of a voluntary dismissal without prejudice under

 Rule 41(a)(1) is “to terminate the action, and no suit is pending thereafter on which
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 the court can enter a valid order.” Collins v. Collins, 18 N.C. App. 45, 50, 196 S.E.2d

 282, 286 (1973). But like most rules, this one has exceptions, and those exceptions

 depend upon the type of claim or action involved. A Rule 41 dismissal may apply to

 “an action or any claim therein.” N.C. Gen. Stat. § 1A-1, Rule 41 (2019). Here, Wife

 had previously dismissed other claims within the same action, and then she

 dismissed her last remaining claim of equitable distribution. In domestic cases, one

 action may include several types of claims, and claims within the action may be

 treated differently. “An ‘action’ is defined as ‘a formal complaint within the

 jurisdiction of a court of law.’ A ‘claim’ is a ‘demand for money or property’ or a ‘cause

 of action.’” Massey v. Massey, 121 N.C. App. 263, 267, 465 S.E.2d 313, 315 (1996)

 (quoting Black’s Law Dictionary 28 (6th ed. 1990)).

¶ 16 In Jackson v. Jackson, 68 N.C. App. 499, 315 S.E.2d 90 (1984), this Court

 discussed one of the exceptions to the general rule that a Rule 41(a)(1) dismissal ends

 the trial court’s jurisdiction to rule on a later motion. There, the plaintiff wife filed

 an action with claims for “child custody and support, alimony, sequestration of the

 marital home for the use and benefit of the children, and legal fees.” Id. at 500, 315

 S.E.2d at 90. The defendant husband filed an answer and counterclaims for child

 custody and support, divorce from bed and board, possession and use of the marital

 home, alimony, and legal fees. Id. After a hearing, in January 1982 the trial court

 entered an order dismissing the wife’s claims with prejudice under Rule 41(b) and
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 dismissing the husband’s claims without prejudice due to a defect in notice to the

 wife. Id. In March 1982, the husband filed a motion in the cause for child custody

 and support and possession of the marital home. Id. at 501, 315 S.E.2d at 91. The

 trial court then entered an order ruling on husband’s motion and granting the

 husband child custody and support. Id. The wife filed a motion pursuant to Rule

 60(b)(4) to set aside the court’s order for lack of jurisdiction; the trial court denied her

 motion and wife appealed. Id. On appeal, the wife argued “the District Court was

 without jurisdiction to entertain a motion in the cause since no cause existed after

 the entry of the order of dismissal.” Id.

¶ 17 This Court noted that under Rule 41(b), “[t]he court’s dismissal of plaintiff's

 claim for alimony operated as a final adjudication on the merits” but held the trial

 court still retained jurisdiction over the matters of child custody and support based

 upon husband’s motion in the cause filed after the dismissals of both wife’s and

 husband’s claims and counterclaims. Id. As to jurisdiction, this Court held:

 The court’s ruling on plaintiff’s claims for custody and
 support cannot be said to be a final adjudication[,] however,
 since the issue of custody and support remains in fieri until
 the children have become emancipated. Where custody
 and support are brought to issue by the pleadings, the court
 retains continuing jurisdiction over these matters even
 when the issues are not determined by the judgment.
 Here, where the issues of custody and support were raised
 in plaintiff’s complaint and ruled on by the trial judge, we
 think it clear that the court retained jurisdiction to
 entertain and rule on defendant’s motion in the cause.
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 Id. at 501–02, 315 S.E.2d at 91 (citations and quotation marks omitted).

¶ 18 In the context of child custody and support, even where a party has dismissed

 a claim, the trial court may retain jurisdiction to enter further orders. “Indeed, this

 Court has consistently upheld the continuing jurisdiction of the trial court over child

 custody and support actions and has often reiterated that the ‘jurisdiction of the court

 to protect infants is broad, comprehensive and plenary.’” Massey v. Massey, 121 N.C.

 App. 263, 268–69, 465 S.E.2d 313, 316 (1996) (quoting Latham v. Latham, 74 N.C.

 App. 722, 724, 329 S.E.2d 721, 722 (1985)). But equitable distribution claims are not

 subject to the same rules of continuing jurisdiction as child support and custody

 claims, nor does the trial court have the same interest in protecting the best interests

 of the children in this type of claim. For an equitable distribution claim, the general

 rule controls: Wife’s voluntary dismissal of her equitable distribution claim without

 prejudice under Rule 41(a)(1) terminated the action.

¶ 19 As of 1 October 2019, all the “claims” in the “civil action” in File No. 18 CVD

 201 had been dismissed or fully resolved, with the exception of Wife’s counterclaim

 for equitable distribution. When Wife filed the notice of voluntary dismissal of this

 remaining “claim” in the “civil action,” that civil action was closed. Wife took the

 voluntary dismissal without prejudice, so she still retained the right to assert a

 “claim” for equitable distribution until entry of an absolute divorce judgment. N.C.
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 Gen. Stat. § 1A-1, Rule 41. But after she dismissed her equitable distribution

 counterclaim, her claim for equitable distribution could be re-asserted only by timely

 “commencing” a new “civil action” by filing a summons and complaint or by asserting

 the claim by a pleading or motion in the other Chapter 50 action pending between the

 parties, specifically the absolute divorce action in File No. 19 CVD 224. See id.

 Because Wife’s prior dismissal of her equitable distribution claim terminated the

 action, after the dismissal there was “no suit . . . pending thereafter on which the

 court [could] enter a valid order[,]” Collins, 18 N.C. App. at 50, 196 S.E.2d at 286,

 and the trial court did not err in allowing Husband’s motion to dismiss Wife’s motion

 in the cause in File No. 18 CVD 201.

 B. File No. 19 CVD 224- Motion in the Cause Prior to Entry of Absolute
 Divorce Judgment

 1. Timing of Claim

¶ 20 We will first address Husband’s argument that Wife was barred from filing an

 answer or counterclaim, or a motion in the cause including a claim for equitable

 distribution, because her motion was filed over 30 days after service of the summons

 and complaint. Husband has cited no cases in support of this argument that Wife’s

 time to file an answer or counterclaim had “expired” but cites only North Carolina

 General Statute § 1A-1, Rule 12(a)(1).

¶ 21 Here, there was no entry of default or other order limiting Wife’s ability to file
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 an answer, counterclaim, or motions in the pending absolute divorce action against

 her. See N.C. Gen. Stat. § 1A-1, Rule 55(a) (2019) (“When a party against whom a

 judgment for affirmative relief is sought has failed to plead or is otherwise subject to

 default judgment as provided by these rules or by statute . . . the clerk shall enter his

 default.”). And in a claim for absolute divorce, the procedure of obtaining a judgment

 by default after entry of default is not available to bar a defendant from answering

 the divorce complaint even after the expiration of 30 days after service of the

 summons and complaint because the allegations of the complaint are “deemed to be

 denied” even if no answer has been filed. N.C. Gen. Stat. § 50-10(a) (2019) (“[T]he

 material facts in every complaint asking for a divorce or for an annulment shall be

 deemed to be denied by the defendant, whether the same shall be actually denied by

 pleading or not, and no judgment shall be given in favor of the plaintiff in any such

 complaint until such facts have been found by a judge or jury.” (emphasis added)).

¶ 22 Wife filed her motion before entry of the absolute divorce judgment. Even

 though she had not filed an answer, the allegations of the absolute divorce complaint

 were “deemed to be denied” under North Carolina General Statute § 50-10 and Wife’s

 right to file an answer, counterclaim, or motion prior to entry of the absolute divorce

 had not “expired.”

¶ 23 The trial court’s order also found Wife had not sought “leave of court” to file an

 answer or counterclaim. Husband has not identified any statutory requirement for
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 Wife to seek “leave of court” to file an answer or motion in this situation. The

 reference to “leave of court” appears to be based upon North Carolina General Statute

 § 1A-1, Rule 15(a), which allows a party to

 amend his pleading once as a matter of course at any time
 before a responsive pleading is served or, if the pleading is
 one to which no responsive pleading is permitted and the
 action has not been placed upon the trial calendar, he may
 so amend it at any time within 30 days after it is served.
 Otherwise a party may amend his pleading only by leave of
 court or by written consent of the adverse party; and leave
 shall be freely given when justice so requires. A party shall
 plead in response to an amended pleading within 30 days
 after service of the amended pleading, unless the court
 otherwise orders.

 N.C. Gen. Stat. § 1A-1, Rule 15(a) (2019) (emphasis added). Wife had not filed any

 answer or pleading in this action before filing her motion in the cause, so there was

 no prior pleading for her to seek “leave of court” to amend. Wife still had the right to

 file an answer, counterclaim, or motion in the divorce action. The time for Wife to

 “assert” her equitable distribution claim in this situation expired only upon entry of

 the divorce judgment, and she filed her motion before entry of the judgment.

¶ 24 The only statutory limitation on the time for bringing an equitable distribution

 claim pertinent to this case is found in North Carolina General Statute § 50-11,

 requiring only that the equitable distribution claim be “asserted” before the entry of

 the absolute divorce judgment. N.C. Gen. Stat. § 50-11(e). The absolute divorce

 judgment here was entered on 27 January 2020 at 10:21 A.M., when it was written,
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 signed, and filed. See N.C. Gen. Stat. § 1A-1, Rule 58 (2019) (“[A] judgment is entered

 when it is reduced to writing, signed by the judge, and filed with the clerk of court

 pursuant to Rule 5.”).

¶ 25 In Santana v. Santana, 171 N.C. App. 432, 614 S.E.2d 438 (2005), the wife filed

 a complaint for absolute divorce. Id. at 433, 614 S.E.2d at 439. Her complaint alleged

 that the issues of child support, alimony, and equitable distribution “‘are to be

 reserved.’” Id. The husband filed an answer joining in the request for absolute

 divorce. Id. The wife then filed a motion for summary judgment on the request for

 absolute divorce. Id. The trial court held the divorce hearing on 11 August 2003 and

 “orally pronounced and rendered an absolute divorce in open court,” but did not sign

 and file the divorce judgment until 19 August 2003. Id. at 435, 614 S.E.2d at 440.

 On 18 August 2003, after the hearing and rendition of the ruling but before entry of

 the divorce judgment, the wife filed a motion alleging, “the parties own marital

 property located in Mexico, specifically but not limited to a house owned by the [wife]

 solely and retirement funds in the [husband’s] name [wife] has a marital interest in

 said property.” Id. at 433, 614 S.E.2d at 439 (quotation marks omitted). The wife

 requested the court “reserve [her] rights to equitable distribution of marital property

 and debts.” Id. The husband filed a motion to dismiss the wife’s claim for equitable

 distribution. Id.

¶ 26 The trial court granted the motion to dismiss because the motion raising the
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 equitable distribution claim was “not timely filed, and [is] therefore barred as a

 matter of law.” Id. at 434, 614 S.E.2d at 439. This Court reversed the trial court’s

 order, holding that “[s]ince [the wife] asserted her right to equitable distribution prior

 to the divorce judgment, her claim for equitable distribution was not barred as a

 matter of law, and the trial court erred in granting [the d]efendant’s motion to

 dismiss. N.C. Gen. Stat. § 50–11(e).” Id. at 435, 614 S.E.2d at 440. Just as in

 Santana, here Wife “asserted her right to equitable distribution prior to the divorce

 judgment [so] her claim for equitable distribution was not barred as a matter of law”

 based upon the time she filed her motion. Id. Moreover, as discussed below, although

 the Santana Court did not specifically address the propriety of bringing the equitable

 distribution claim in a motion instead of a complaint or counterclaim, Santana

 supports our conclusion that an equitable distribution claim can be “asserted” by a

 motion in the cause. See id.

 2. Propriety of Bringing Equitable Distribution Claim as Motion in the
 Cause

¶ 27 Husband argues the equitable distribution claim must be brought by a

 complaint or an answer and counterclaim, not a motion in the cause. Husband

 interprets the language of North Carolina General Statute § 50-21(a) as limiting the

 scenarios when an equitable distribution action may be brought in a motion in the

 cause to the “two very limited and specific circumstances” enumerated in subsections
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 (e) and (f) of North Carolina General Statute § 50-11. Thus, Husband argues that

 since the circumstances addressed by subsections (e) and (f) are not present in this

 case, Wife’s motions in the cause did not invoke the trial court’s subject matter

 jurisdiction over the equitable distribution claim. We must consider whether North

 Carolina General Statutes §§ 50-20 and 50-21 limit the mechanism for “asserting” an

 equitable distribution claim to a particular form of pleading – a complaint or

 counterclaim – but not a motion in the cause.

¶ 28 North Carolina General Statute § 50-21 sets the beginning of the time for

 asserting an equitable distribution claim – the date of separation – and provides how

 the claim may be brought as an individual claim or may be joined with other claims:

 (a) At any time after a husband and wife begin to live
 separate and apart from each other, a claim for equitable
 distribution may be filed and adjudicated, either as a
 separate civil action, or together with any other action
 brought pursuant to Chapter 50 of the General Statutes, or
 as a motion in the cause as provided by G.S. 50-11(e) or (f).

 N.C. Gen. Stat. § 50-21(a) (emphasis added). Subsections (e) and (f) of North Carolina

 General Statute § 50-11 provide for two limited exceptions when the equitable

 distribution claim may be asserted after entry of the absolute divorce judgment:

 (e) An absolute divorce obtained within this State shall
 destroy the right of a spouse to equitable distribution under
 G.S. 50-20 unless the right is asserted prior to judgment of
 absolute divorce; except, the defendant may bring an action
 or file a motion in the cause for equitable distribution
 within six months from the date of the judgment in such a
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 case if service of process upon the defendant was by
 publication pursuant to G.S. 1A-1, Rule 4 and the
 defendant failed to appear in the action for divorce.

 (f) An absolute divorce by a court that lacked personal
 jurisdiction over the absent spouse or lacked jurisdiction to
 dispose of the property shall not destroy the right of a
 spouse to equitable distribution under G.S. 50-20 if an
 action or motion in the cause is filed within six months
 after the judgment of divorce is entered. The validity of
 such divorce may be attacked in the action for equitable
 distribution.

 N.C. Gen. Stat. § 50-11(e), (f).

¶ 29 Husband’s interpretation of North Carolina General Statute § 50-11 focuses on

 the second phrase of subsection (e), but the second phrase simply does not apply to

 this case, and the use of the words “motion in the cause” in that subsection implies

 no limitation on how the equitable distribution claim may be brought in other

 circumstances. Subsections (e) and (f) both address situations where the divorce

 judgment has already been entered so there may be no pending claims left in the

 absolute divorce action, but the spouse who wants to assert an equitable distribution

 claim in the circumstances described in subsections (e) and (f) still has the option of

 filing either a new action or a motion in the cause. See N.C. Gen. Stat. § 50-11(e), (f).

 These subsections address only the timing of the equitable distribution claim –

 allowing it to be asserted after the entry of the absolute divorce – not the type of

 pleading in which the claim may be asserted.
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

¶ 30 The statutory language is clear. See Correll v. Division of Soc. Servs., 332 N.C.

 141, 144, 418 S.E.2d 232, 235 (1992) (“The legislative purpose of a statute is first

 ascertained by examining the statute’s plain language.”). The first phrase of

 subsection (e) addresses the timing for the assertion of an equitable distribution claim

 in general: “An absolute divorce obtained within this State shall destroy the right of

 a spouse to equitable distribution under G.S. 50-20 unless the right is asserted prior

 to judgment of absolute divorce[.]” N.C. Gen. Stat. § 50-11(e). This phrase is followed

 by a semicolon and the word “except.” Id. (emphasis added). The second phrase, by

 its express terms, notes an exception to the general rule stated in the first phrase that

 an equitable distribution claim must be “asserted” before the absolute divorce

 judgment. Id. That exception applies only to a defendant-spouse served by

 publication who failed to appear in the absolute divorce action. Id. Subsection (f)

 also notes an exception to the rule stated in the first phrase of subsection (e) that the

 equitable distribution claim must be asserted before the absolute divorce judgment,

 applicable where the trial court lacked personal jurisdiction over the “absent spouse”

 or jurisdiction to dispose of the property. N.C. Gen. Stat. § 50-11(f). Neither of these

 exceptional circumstances applies here, as Wife was personally served with the

 summons and complaint.

¶ 31 None of the statutes addressing equitable distribution limit the particular

 type of pleading for “filing” (N.C. Gen. Stat. § 50-21) or “asserting” (N.C. Gen. Stat. §
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

50-11) an equitable distribution claim. The equitable distribution claim may be

asserted in “a separate civil action, or together with any other action brought

pursuant to Chapter 50 of the General Statutes, or as a motion in the cause as

provided by G.S. 50-11(e) or (f).” N.C. Gen. Stat. § 50-21(a). When Wife filed her

motion in the cause, Husband’s complaint for absolute divorce in File No. 19 CVD 224

– based on one year’s separation as provided in North Carolina General Statute § 50-

6 – was pending. The absolute divorce case is an “action brought pursuant to Chapter

50 of the General Statutes.” Id. North Carolina General Statute § 50-21 does not

limit a claim brought “together” with other Chapter 50 claims to a claim brought by

a particular party. And in Santana, discussed above, the equitable distribution claim

was asserted by a motion. Santana, 171 N.C. App. at 434, 614 S.E.2d at 439–40. In

Santana, this Court noted the wife’s motion was in accord with Rule 7: “N.C. Gen.

Stat. § 1A–1, Rule 7(b) (2004) (‘An application to the court for an order shall be by

motion which . . . shall be made in writing, shall state with particularity the grounds

therefor, and shall set forth the relief or order sought.).” Id. Wife’s motion in the

cause in File No. 19 CVD 224 complied with the requirements of Rule 7 and was

statutorily authorized, as it was a claim filed “together with any other action brought

pursuant to Chapter 50 of the General Statutes[.]” See N.C. Gen. Stat. § 50-21(a).

And because it was filed before entry of the divorce judgment, Wife’s motion preserved

her equitable distribution claim.
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 3. Sufficiency of Pleading

¶ 32 Finally, this Court has noted that “a pleading requesting the court to enter an

 order distributing the parties’ assets in an equitable manner is sufficient to state a

 claim for equitable distribution.” Coleman v. Coleman, 182 N.C. App. 25, 28, 641

 S.E.2d 332, 336 (2007) (citation omitted). We note this case does not present a

 question of the adequacy of the pleading of the equitable distribution claim. Cf. id.

 at 28, 641 S.E.2d at 335–36 (“Recognizing that ‘[t]here is nothing in the statute

 regarding the sufficiency of the pleadings to support a claim for equitable

 distribution[,]’ our Supreme Court also acknowledged that ‘equitable distribution is

 not automatic[,]’ and that a party seeking such division of marital property ‘must

 specifically apply for it.’” (citation omitted (alterations in original))). However, we

 note that Wife’s motion in the cause in File No. 19 CVD 224 was specifically based

 upon North Carolina General Statute § 50-20 and included detailed allegations of an

 equitable distribution claim, including a claim for “a share greater than fifty percent

 of all Marital and Divisible Property” based upon the statutory factors in North

 Carolina General Statute § 50-20(c). Thus, Wife’s motion in the cause in File No. 19

 CVD 224 was sufficient to state a claim for equitable distribution.

 IV. Conclusion

¶ 33 As to File No. 18 CVD 201, where Wife filed a motion in the cause after all

 claims had been fully resolved or dismissed by the parties, the effect of the voluntary
 BRADFORD V. BRADFORD

 2021-NCCOA-448

 Opinion of the Court

 dismissal without prejudice under Rule 41(a)(1) was “to terminate the action, and no

 suit is pending thereafter on which the court can enter a valid order.” Collins, 18

 N.C. App. at 50, 196 S.E.2d at 286. As a result, we affirm the portion of the trial

 court’s order dismissing Wife’s equitable distribution claim in File No. 18 CVD 201.

¶ 34 As to File No. 19 CVD 224, where Wife’s motion in the cause asserted a claim

 for equitable distribution and was filed before entry of the divorce judgment, her

 equitable distribution claim was preserved. As a result, we reverse the portion of the

 trial court’s order dismissing Wife’s equitable distribution claim in File No. 19 CVD

 224 and remand for further proceedings upon this claim.

 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

 Judges ZACHARY and GORE concur.